MONAGHAN, MONAGHAN, LAMB & MARCHISIO, LLP
28 West Grand Avenue
Montvale, New Jersey 07656
(201) 802-9060 PHONE/(201) 802-9066 FAX
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEANNA BREDBENNER, PAUL GILBERT, and BELINDA SERRANO, both individually and behalf of all other similarly situated persons,<br><br>      **Plaintiff,**<br><br>v.<br><br>**LIBERTY TRAVEL, INC.,**<br><br>      **Defendants.** | **COMPLAINT AND JURY DEMAND**<br><br>Docket No.<br><br>**CIVIL ACTION** |

## COMPLAINT

Plaintiff(s) by their attorneys, Monaghan, Monaghan, Lamb & Marchisio, LLP, for their Complaint herein against the Defendant allege upon knowledge, or upon information and belief where appropriate, as follows:

**INTRODUCTION**

1. Plaintiffs Deanna Bredbenner, Paul Gilbert, and Belinda Serrano bring this action for unpaid overtime individually and on behalf of similarly situated employees of Defendant Liberty Travel who were not paid time and one-half for all hours worked over 40 in a workweek as required under the Fair Labor Standards Act.

2. Liberty Travel maintains stores from which it provides travel and vacation packages to

consumers. In each of the stores, Liberty Travel employs Travel Agents, such as Bredbenner, Gilbert, and Serrano, to service the customers. Travel Agents regularly worked overtime, but were not paid time and one-half their regular rate of pay as required under federal and state law. Instead, Liberty Travel employed a "Diminishing Overtime" method that paid Travel Agents one-half an hourly rate that diminished with each additional overtime hour worked. Under the Diminishing Overtime method the more overtime Travel Agents worked, the less they were paid per overtime hour.

3. Bredbenner, Gilbert, and Serrano bring this action as a collective action under the Fair Labor Standards Act for Liberty Travel's unlawful refusal to pay overtime at the premium rate of time and one-half for all hours worked over forty in a work week.

4. Bredbenner, Gilbert, and Serrano seek unpaid overtime wages, liquidated damages, interest, and costs and attorneys' fees as well as declaratory relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*

## JURISDICTION

5. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA"), by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over the Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202.

## VENUE

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) because Liberty Travel resides here.

## PARTIES

### A. Plaintiffs

7. Deanna Bredbenner was an employee of Liberty Travel. A Consent to Sue is attached at the back of this Complaint.

8. Bredbenner worked for Liberty Travel as a travel agent at a Liberty Travel office located in Wilmington, Delaware.

9. Bredbenner worked for Liberty Travel from approximately February 1991 to April 2008.

10. Bredbenner resides in Federalsburg, Maryland.

11. Bredbenner was engaged in commerce while working for Liberty Travel.

12. Paul Gilbert was an employee of Liberty Travel. A Consent to Sue is attached at the back of this Complaint.

13. Gilbert worked for Liberty Travel as a travel agent at a Liberty Travel office located in New York, New York.

14. Gilbert worked for Liberty Travel from approximately April 1990 to July 2008.

15. Gilbert resides in Mahopac, New York.

16. Gilbert was engaged in commerce while working for Liberty Travel.

17. Belinda Serrano was an employee of Liberty Travel. A Consent to Sue is attached at the back of this Complaint.

18. Serrano worked for Liberty Travel as a travel agent at the Liberty Travel office located in New York, New York.

19. Serrano worked for Liberty Travel from approximately February 2007 to September 2008.

20. Serrano resides in New York, New York.

21. Serrano was engaged in commerce while working for Liberty Travel.

22. The term "Plaintiffs" as used in this complaint refers to the named Plaintiffs and all travel agents, travel consultants, or travel specialists ("Travel Agents") who were not paid time and one-half overtime pay for hours over 40 as required by the FLSA, pursuant to the collective action provision of 29 U.S.C. §216(b), individually, collectively, or in any combination.

23. Bredbenner, Gilbert, and Serrano bring this case as a collective action under 29 U.S.C. §216(b) for class members throughout the U.S. who have worked for Defendants as Travel Agents in the past three years.

24. Plaintiffs seek unpaid overtime wages, liquidated damages, costs, interest, and attorneys' fees as well as declaratory relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*

**B.    Defendant**

25. Liberty Travel, Inc. is a New Jersey corporation located at 69 Spring Street in Ramsey, New Jersey 07446.

26. Liberty Travel provides travel services to clients.

27. Liberty Travel "serves more than 2 million customers through its well known retail network, which spans the East Coast, Chicago, and Florida."

28. Liberty Travel is "is one of the largest and best known offline travel agencies in the United States."

29. Liberty Travel operates offices throughout the United States, including California, Connecticut, Delaware, Florida, Illinois, Maryland, Massachusetts, New Hampshire, New Jersey, New York, Pennsylvania, Rhode Island, Virginia, and the District of Columbia.

30. Upon information and belief, Liberty Travel operates an enterprise engaged in commerce within the meaning of the FLSA.

31. Upon information and belief, for each of the three years preceding the filing of the initial complaint herein, Liberty Travel have employed 2 or more individuals "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce."

32. Upon information and belief, Liberty Travel grossed more than $500,000 in the past fiscal year.

**FACTS**

33. Liberty Travel employed Bredbenner, Gilbert, and Serrano as Travel Agents. Their job duties were to provide Liberty Travel customers with travel services.

34. Travel Agents were also referred to as a travel consultant and travel specialist.

35. Bredbenner, Gilbert, and Serrano regularly worked more than 40 hours per week for Liberty Travel.

36. When Bredbenner, Gilbert, and Serrano worked more than 40 hours a week they were not paid time and one-half.

37. Bredbenner, Gilbert, and Serrano were paid a base pay each pay period.

38. Bredbenner, Gilbert, and Serrano's base pay was subject to reduction pursuant to Liberty Travel's policies if they did not work 40 hours in a week.

39. Bredbenner, Gilbert, and Serrano received other compensation in the form of commissions and bonuses in addition to their base pay.

40. Liberty Travel failed to pay Bredbenner, Gilbert, and Serrano overtime compensation at the rate of time and one-half for all hours worked over 40.

41. Liberty Travel's failure to pay Bredbenner, Gilbert, and Serrano the proper wages required by law was willful.

42. All actions and omissions described in this Complaint were made by Liberty Travel directly or through its supervisory employees and agents.

## CAUSE OF ACTION

43. Liberty Travel failed to pay overtime wages to the Plaintiffs as required by the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* and its implementing regulations.

44. Liberty Travel's failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of 29 U.S.C. §255.

45. Liberty Travel's failure to comply with the FLSA caused Plaintiffs to suffer loss of wages thereon.

**WHEREFORE**, Plaintiffs request that this Court enter an order:

    A. Declaring that Liberty Travel violated the Fair Labor Standards Act;

    B. Declaring that Liberty Travel FLSA violations were willful;

    C. Granting judgment to the Plaintiffs for their claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages, and awarding Plaintiffs' costs and reasonable attorneys' fees;

    D. Granting such further relief as the Court finds just.

Dated: February 27, 2009

                                          Respectfully Submitted,

                                          MONAGHAN, MONAGHAN,
                                          LAMB & MARCHISIO, LLP

By:            */s/ Patrick J. Monaghan*

                                          Patrick J. Monaghan, Esq. (6297)
                                          28 West Grand Avenue
                                          Montvale, New Jersey 07645
                                          (201) 802-9060

                                          GETMAN & SWEENEY, PLLC
                                          Michael Sweeney, Esq.
                                          9 Paradies Lane
                                          New Paltz, NY 12561
                                          (845) 255-9370
                                          *Pro Hac Vice* To Be Filed

                                          ATTORNEYS FOR PLAINTIFFS

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury of all issues so triable.

MONAGHAN, MONAGHAN LAMB & MARCHISIO, LLP

By: _____
Patrick J. Monaghan, Jr. (6297)