

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
    **JUDGE**

## LETTER OPINION

July 31, 2009

Patrick Joseph Monaghan, Jr.
Monaghan, Monaghan, Lamb & Marchisio
28 W. Grand Avenue
2nd Floor
Montvale, NJ 07645
(*Attorney for Plaintiffs Deanna Bredbenner, Paul Gilbert, and Belinda Serrano both Individually and Behalf of All Other Similarly Situated Persons*)

Michael T. Grosso
Littler Mendelson PC
One Newark Center, 8th Floor
Newark, NJ 07102
*(Attorney for Defendant Liberty Travel, Inc.)*

    Re:   **Bredbenner et al. v. Liberty Travel, Inc.**
           **Civ. No. 09-cv-00905 (WJM)(MF)**

Dear Counsel:

    This matter comes before the Court on Plaintiffs Deanna Bredbenner, Paul Gilbert, and Belinda Serrano's motion to conditionally certify this case as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and to issue notice to potential class members.  The Court did not hold oral argument.  Fed. R. Civ. P. 78. For the following reasons, Plaintiffs' request is **GRANTED**.

### BACKGROUND

    Defendant Liberty Travel, Inc. ("Liberty") operates numerous agencies in fourteen states "through a well known retail network, which spans the East Coast, Chicago, and Florida." (Compl. ¶¶ 27, 29.)  The company employs travel agents to service its

customers. (*Id.* ¶ 26.) Travel agents working for Liberty receive several forms of compensation, including weekly base pay, commissions and bonuses, and overtime for hours worked in excess of forty. (*Id.* ¶¶ 37, 39-40.)

Plaintiffs maintain that the company calculates overtime wages pursuant to a policy dubbed by Plaintiffs as the "diminishing overtime" policy. (*Id.* ¶ 2.) Under this policy, Plaintiffs assert that Liberty derives an overtime rate by dividing an agent's base pay by the total number of hours worked in a workweek. As a result, Plaintiffs contend that the more a Liberty travel agent works in a given week, the lower his or her hourly overtime rate. (*Id.*)

On February 27, 2009, Plaintiffs filed a complaint against Liberty, alleging that the company violated the FLSA by not paying travel agents time and one-half their regular rate of pay as required under the FLSA. Thereafter, on March 24, 2009, Plaintiffs filed the present motion.

## DISCUSSION

The FLSA permits an aggrieved employee to bring an action against an employer "in any Federal or State court of competent jurisdiction . . . for and [on] behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). To certify a conditional class, the plaintiff must demonstrate that: (1) all prospective class members are "similarly situated" and (2) all members have affirmatively "opted-in" to the litigation. *See Aquilino v. Home Depot, Inc.*, Civ. No. 04-4100, 2006 WL 2583563, at *1 (D.N.J. Sept. 7, 2006). Courts generally examine the pleadings and affidavits of the parties to decide whether the proposed class members are similarly situated. *Id.* When rendering such a determination, courts apply a "fairly lenient" standard. *Chemi v. Champion Mortg.*, Civ. No. 05-1238, 2009 WL 1470429, at *9 (D.N.J. May 26, 2009).

### A. Similarly Situated

The FLSA fails to define the term "similarly situated." District courts, within this district, generally agree that plaintiffs must allege that putative class members suffered injury as a result of a policy of an employer, which affected all class members in a similar fashion. *See, e.g.*, *Felix de Asencio v. Tyson Foods*, 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001); *Goldman v. Radio Shack Corp.*, Civ. No. 03-0032, 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003). District courts, however, differ as to the level of proof required to certify a conditional class. Some courts require only a "mere allegation" that putative class members suffer from a single policy of the employer. *See, e.g.*, *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988). Other courts require plaintiffs to make a "modest factual showing," demonstrating a factual nexus between their situation and those of the proposed class. *See, e.g.*, *Dreyer v. Altchem Envtl. Servs.,*

*Inc.*, Civ. No. 06-2393, 2006 WL 3676013, at *3 (D.N.J. Dec.12, 2006); *Aquilino*, 2006 WL 2583563, at *2; *Armstrong v. Weichert Realtors*, Civ. No. 05-3120, 2006 WL 1455781, at *1 (D.N.J. May 19, 2006).

Under either standard, Plaintiffs sufficiently show that they are similarly situated to other Liberty employees. Plaintiffs submit five declarations[1] from former Liberty travel agents in New York, Delaware, and Maryland. These former employees all sold travel services for Liberty and worked over forty hours a week. (Decl. of Deanna Bredbenner ("Bredbenner Decl.") ¶¶ 2-3, 6; Decl. of Belinda Serrano ("Serrano Decl.") ¶¶ 2-3, 6; Decl. of Paul Gilbert ("Gilbert Decl.") ¶¶ 2-3, 6; Decl. of Frances Monte-Griffo ("Monte-Griffo Decl.") ¶¶ 2-3, 7; Decl. of Joseph Fiorenzo ("Fiorenzo Decl.") ¶¶ 2-3, 7.) Plaintiffs also present documentary evidence, which establishes the existence of Liberty's alleged diminishing overtime policy. Plaintiffs submit individual employment agreements that mention the phrase "coefficient overtime" and outline Liberty's compensation system for travel agents. (Bredbenner Decl. Ex. 3; Gilbert Decl. Ex. 3.) Additionally, Plaintiffs attach employee pay stubs that list entries for "Dimi WK," which can be fairly construed to stand for "diminished work." (Bredbenner Decl. Exs. 1-2; Gilbert Decl. Exs. 1-2; Monte-Griffo Decl. Exs. 1-2; Fiorenzo Decl. Exs. 1-3.) In total, this satisfies the lenient standard necessary to certify a collective action under the FLSA.

Liberty argues against conditional certification by alleging that it appropriately administered overtime wages pursuant to the FLSA authorized Fluctuating Work Week ("FWW") method.[2] In conjunction with this argument, Liberty asserts that the Court must

---

[1] Liberty requests that various portions of Plaintiffs' supporting declarations be stricken pursuant to Fed. R. Civ. P. 56(e) as inadmissible hearsay, conclusory, and not based on personal knowledge. Although not directly addressed by courts within this district, courts outside this jurisdiction are split as to whether plaintiffs' supporting declarations need to meet the same standard articulated in Rule 56(e). *Compare, e.g.*, *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 367-68 (E.D. Tenn. 2006) (finding affidavits containing hearsay admissible for purposes of conditional certification), *with Richards v. Computer Sciences Corp.*, Civ. No. 03-630, 2004 WL 2211691, at *1 (D. Conn. Sept. 28, 2004) (holding that affidavits containing hearsay are inadmissible for purposes of conditional certification). The Court declines Liberty's request. Rule 56 applies to motions for summary judgment. These motions differ significantly from non-dispositive motions for conditional certification. The standard for conditional certifications is lenient and does not address the merits of the case. Following further discovery, Liberty will have another opportunity to object to class certification.

[2] Under the FWW method, an employee receives a fixed salary regardless of the number of hours worked in the week, whether few or many. 29 C.F.R. § 778.114(a). When an employee works more than forty hours, the employee receives an overtime premium based on a "regular rate." *Id.* An employer calculates the regular rate by dividing the total hours worked into the base salary, causing the "regular rate" to fluctuate depending on the total number of hours worked in a given week. *Id.*

make individualized inquiries into whether Liberty and existing and putative plaintiffs had a "clear and mutual understanding" that the FWW method would apply.

As an initial matter, the Court need not determine whether Liberty properly applied the FWW method. Such an inquiry addresses the underlying merits of this case, which is inappropriate at the conditional certification stage. *See Aquilino*, 2006 WL 2583563 at *2 (quoting *Masson v. Ecolab, Inc.*, Civ. No. 04-4488, 2005 WL 2000133, at *12-14 (E.D.N.Y. Aug. 18, 2005)). Moreover, while Liberty correctly notes that the parties must have a "clear and mutual understanding" that the FWW method will apply, the burden is on the employer, and not the employee, to establish that the parties mutually agreed upon this form of compensation. *See* 29 C.F.R. § 778.114(c); *Stillman v. Staples, Inc.*, Civ. No. 07-849, 2009 WL 1437817, at *2 (D.N.J. May 15, 2009) (stating that "defendant failed to meet its burden of proving by a preponderance of the evidence that plaintiffs and defendant mutually agreed to a fluctuating work week method of pay"). Here, Liberty has not submitted evidence addressing whether Plaintiffs or Liberty understood that the FWW method would govern the travel agents' compensation. As such, the only individual issues associated with this motion, at present, relate to the question of damages. Such issues do not bar conditional certification. *See Villanueva-Bazaldua v. TruGreen Ltd. Partners*, 479 F. Supp. 2d 411, 417 (D. Del. 2007).

Lacking persuasive arguments to the contrary, the Court **GRANTS** Plaintiffs' request for conditional certification, subject to the limitations described below, and will order the issuance of the attached "Notice of Lawsuit" and "Consent to Sue" to putative class members.

**B.     Nationwide Certification**

In addition to opposing conditional certification, Liberty seeks to geographically limit the conditionally certified class from the requested nationwide certification to the four stores where the declarants worked. Courts have conditionally certified nationwide classes based on evidence of a company-wide policy that allegedly violates the FLSA. *See, e.g.*, *Herring v. Hewitt Assocs., Inc.*, Civ. No. 06-267, 2007 WL 2121693, at *6 (D.N.J. July 24, 2007); *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 631 (W.D. Wis. 2009). To support such a certification, Plaintiffs must submit evidence sufficient to make a "reasonable inference" that similarly situated employees in other geographic areas also

---

Employers using the FWW method may use a half-time calculation for overtime, instead of the standard time and one-half. Importantly, an employee who is compensated pursuant to the FWW method in fact receives time and one-half and not merely half-time for all overtime hours, because the straight-time component is included in the fixed salary. *See Hunter v. Spring Corp.*, 453 F. Supp. 2d 44, 58-59 (D.D.C. 2006).

4

suffer from this same policy. *Chabier v. Wilmington Fin., Inc.*, Civ. No. 06-4176, 2006 WL 3742774, at *3 (E.D. Pa. Dec. 13, 2006).

Here, Plaintiffs make an adequate showing that Liberty effectuated the same overtime practices with respect to travel agents in Delaware, New York, and Maryland. Plaintiffs proffer declarations from travel agents working for Liberty in these three states and also submit two employment agreements entered into in Delaware and New York signed by Liberty Chief Operating Officer, Cathy Pelaez. (Bredbenner Decl. Ex. 3; Gilbert Decl. Ex. 3.) This evidence is sufficient for the Court to make a "reasonable inference" that Liberty employed a similar policy in the states where the declarants worked. However, this information is not sufficient for the Court to infer that Liberty effectuated this policy nationwide.

In making this determination, the Court recognizes that this certification is conditional. Plaintiffs may renew their motion for conditional certification if evidence provides support for an expanded class. *See, e.g.*, *Brasfield v. Source Broadband Servs., LLC*, Civ. No. 08-2092, 2009 WL 1748552, at *3 (W.D. Tenn. Apr. 23, 2009); *Nelson v. Am. Standard, Inc.*, Civ. No. 07-010, 2008 WL 906324, at *4 (E.D. Tex. Mar. 31, 2008); *see also Treme v. HKA Enter., Inc.*, 2008 WL 941777, at *3 (W.D. La. Apr. 7, 2008).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for conditional certification is **GRANTED**. Parties shall disseminate the attached "Notice of Lawsuit" and "Consent to Sue" and Liberty shall produce an electronic list containing the names, last known addresses, and dates of employment for travel agents, travel consultants, or travel specialists employed by Liberty in the states of Delaware, New York, and Maryland during the three years preceding the mailing as described in the enclosed Order.[3] An appropriate Order, "Notice of Lawsuit," and "Consent to Sue" accompany this Letter Opinion.

s/William J. Martini
**William J. Martini, U.S.D.J.**

---

[3] Plaintiffs further request that Liberty release the social security numbers of current and former travel agents for purposes of mailing the Court approved notice to putative class members. Courts generally release social security numbers only after notification via first class mail proves insufficient. *See Ritzer v. UBS Fin. Servs., Inc.*, Civ. No. 08-1235, 2008 WL 4372784, at *4 (D.N.J. Sept. 22, 2008). Plaintiffs fail to address why first class mail is insufficient in the present matter. As such, Plaintiffs' request is **DENIED**.