# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEANNA BREDBENNER, PAUL GILBERT, and BELINDA SERRANO, both individually and behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY TRAVEL, INC.,<br><br>Defendant. | 09-cv-905 (WJM) (MF) |
| CAROL CONNELL, WILLIAM KRUMPHOLZ, CORRINE ORCHIN, NICOLE REID and LEIGH ANNE HUBBS, both individually and behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY TRAVEL, INC., FLIGHT CENTRE USA, INC., GILBERT HAROCHE, and MICHELLE KASSNER,<br><br>Defendants. | 09-cv-1248 (WJM) (MF)<br>09-cv-4587 (WJM) (MF) |

## STIPULATION AND SETTLEMENT AGREEMENT

Plaintiffs Deanna Bredbenner, Paul Gilbert, Belinda Serrano, Carol Connell, William Krumpholz, Corrine Orchin, Leigh Anne Hubbs, and Nicole Reid (collectively, "NAMED PLAINTIFFS"), individually and on behalf of the classes described below (collectively, "SETTLEMENT CLASSES"), and FC USA Inc. (formerly known as Liberty Travel, Inc.; hereinafter "Defendant" or "LIBERTY") (collectively, the "PARTIES") enter into this

Stipulation and Settlement Agreement ("SETTLEMENT AGREEMENT") conditioned upon entry by the above-captioned Court of a FINAL APPROVAL ORDER (defined below) and judgment approving the SETTLEMENT AGREEMENT and dismissing with prejudice all claims encompassed by the SETTLEMENT AGREEMENT.

## I.   RECITALS AND BACKGROUND

A.      On February 27, 2009, Plaintiffs Bredbenner, Gilbert and Serrano filed the above-captioned collective action complaint in the U.S. District Court for the District of New Jersey, Newark Division, asserting violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), on behalf of themselves and similarly situated full-time travel agents employed with Liberty Travel, Inc. since February 27, 2006 ("BREDBENNER COMPLAINT").   The BREDBENNER COMPLAINT alleges that LIBERTY failed to pay Ms. Bredbenner, Mr. Gilbert, Ms. Serrano and other similarly situated full-time travel agents overtime pay at a rate of one and one-half their regular rate for all hours worked over forty in a workweek for the benefit of LIBERTY, as required under the FLSA.  The BREDBENNER COMPLAINT seeks unpaid wages and overtime pay, liquidated damages, reasonable attorney's fees and costs.  On July 31, 2009, the Court conditionally certified the action to proceed as a collective action under the FLSA.  Since the BREDBENNER COMPLAINT was filed, the following persons have opted in and joined as plaintiffs in the action:  Marcia Achatz, Elena M. Alfieri, Elisete Alves-Pasquale, Mark Asch, Jane Ayre, Lori A. Barbic, Lenora Barton Spikes, Jeanne Bastien, Mandy Bauch, Susan Bax, Kathleen Becker, Denise Bermudez, Barbara Billing, Patrica Booth, Norma M. Borruso, James W. Bottoms Jr., Dasiree Bourbon, Melody Buckingham, Lisa Calandriello, Kristen Canonaco, Maria L. Caraballo, Christina Chesleigh, Tracy Covert, Terri Cummings,

2

Tina Dabella, Andrew Daloia, Francis J. Dell, Timothy DeLorge, Lisa DePaolis, Debra DeSanctis, Jo-Ann DeStefano, JoAnne Difilippo, Susan Diliberto, Lisa Dineen, Warren F. Dolan, Tiffanie Dorch, Brian Dorman, Jennifer Dudek, Gary Ei, Donna Esford, Alan Falzack, Susan Feuerstein, Stefanie Filippini, Joseph Fiorenzo, Stephanie Fletcher-Scott, Jennifer Folk, Amanda Ford, Carrie A. French, Shawna Garber, Joanne Giovanniello, Giavanna Gordon, Roger Grant, Frances M. Green, Steven Greenbaum, Tania Gregorio, AnnMarie Grogan, Paula Guck, Debra Helmke, Auria Hernandez-Thomas, Lori Heston, Jackelen V. Hopkins, Kimberly Hoyt, Marianne Iervolino, Athena Ioannou, Maurece Jones, Jennifer Kaczor, Karen Keller, Seema Khandaria, Karina Khechoyan, Jennifer Kraft, Fern Kravitz, Loren Krishan, William Krumpholtz, Sita Kurdi, John Kusek, Rob Lane Cesareo, Carrielee Langan, Karen Lawrence, Sylvia Lewis, Richard Lipsett, Rita Machin, Rachel Mack, Melissa Maggipinto, Susan Marotta, Melissa Marzullo, Andrea C. Mastropietro, Margaret Mathison, Emily Matthews, Christina McDermott, Joanne McKeon, Cynthia McLaughlin, Norma McMillan, Rachel Mignano, Diana Mitrevski, Frances Monte-Griffo, Robert Moore, Michele Mroz, Celeste Muro, Michele Notaro, Philip Orchin, Lynn Oswald, Jacqueline Palmer, Marilyn Pernick, Laura Piazza, Stephen J. Podolak, Regine Poirier, Pasquale Porco, Jennifer Pratt, Polina Price, Emily Rich, Anthony Russo, Sharyn Saffan-Schacter, Mary Sasala, Kimberly Schmidt, Corrina Schultz, Carl Schwartz, Irene Scrofani, Mary Serio, Joanne Sharpe, Robin Smith, Pamela Sozio, Anna DiGiuseppe, Patrice Stafford, Bindu Sundaran, Keola Thom-Johnson, Holly Timian, Danielle Unglesbee, Anna Valdes, Claire Van Wely, Irma Vazquez, Tanya Visgotis, Gail M. Von Briesen, Elizabeth Vouzoukas, Brenda Wachs, Stephanie N. Warfel, Laurie Webber-Smith, Ann Welbeck, Laura Wexler, and Kim Zack.

3

C.     On March 19, 2009, Plaintiffs Connell, Krumpholz, Orchin and Reid filed a class action complaint in the U.S. District Court for the District of New Jersey, Newark Division, asserting on behalf of themselves and similarly situated full-time travel agents who were employed with LIBERTY at various times (in New York, since March 19, 2003; in Massachusetts, since March 19, 2007; in Maryland, since March 19, 2006) claims that LIBERTY, Flight Centre USA, Inc., Gilbert Haroche and Michelle Kassner (collectively, "Defendants") failed to pay them and similarly situated full-time travel agents employed by LIBERTY all wages due and overtime pay in accordance with New York, Maryland and Massachusetts law ("CONNELL FEDERAL COMPLAINT").  The CONNELL FEDERAL COMPLAINT seeks unpaid wages and overtime pay, liquidated damages, interest, reasonable attorney's fees and costs.

D.     On April 10, 2009, LIBERTY filed an Answer to the BREDBENNER COMPLAINT disputing the material factual and legal allegations, asserting several affirmative defenses, and denying any liability.

E.     On June 15, 2009, Plaintiffs Connell, Krumpholz, Orchin and Reid amended the CONNELL FEDERAL COMPLAINT to, *inter alia,* allege that Defendants also failed to pay them overtime pay as required by the FLSA.

F.     On June 17, 2009, Plaintiffs Connell, Krumpholz, Orchin and Reid filed a complaint in the Superior Court for the State of New Jersey, Bergen County, Case No. BER-L-5400-09, seeking unpaid wages, overtime pay, liquidated damages, interest, and reasonable attorney's fees and costs, for themselves and similarly situated full-time travel agents employed

4

by LIBERTY in Maryland, Massachusetts and New York ("CONNELL STATE COMPLAINT").

      G.     Since August 26, 2009, the Superior Court for the State of New Jersey, Bergen County, has stayed, pursuant to the parties' stipulations, the proceedings emanating from the CONNELL STATE COMPLAINT pending final resolution of the proceedings emanating from the BREDBENNER COMPLAINT.

      H.     Since September 2, 2009, this Court has stayed, pursuant to the parties' stipulation, the proceedings emanating from the CONNELL FEDERAL COMPLAINT pending final resolution of the proceedings emanating from the BREDBENNER COMPLAINT.

      I.     On or about September 17, 2009, Plaintiffs Connell, Krumpholz, Orchin and Reid amended the CONNELL STATE COMPLAINT to add as a named plaintiff Leigh Anne Hubbs and her claims that Defendants failed to pay her and similarly situated full-time travel agents employed by LIBERTY in New Jersey all wages due and overtime pay in accordance with the FLSA and New Jersey law.

      J.     On or about September 4, 2009, Plaintiff Leigh Anne Hubbs filed her own class action complaint in the United States District Court for the District of New Jersey, Newark Division, asserting on behalf of herself and similarly situated full-time travel agents who were employed with LIBERTY in New Jersey since September 4, 2007, claims that Defendants failed to pay her and them all wages due and overtime pay in accordance with the FLSA and New Jersey law ("HUBBS FEDERAL COMPLAINT").  The HUBBS FEDERAL COMPLAINT seeks unpaid wages and overtime pay, liquidated damages, interest, and reasonable attorney's fees and costs.

K.     On or about March 26, 2010, pursuant to the parties' stipulation, the Court consolidated the HUBBS FEDERAL COMPLAINT with the CONNELL FEDERAL COMPLAINT, which has been stayed pending final resolution of the BREDBENNER COMPLAINT.

L.     Since February 19, 2010, the PARTIES have attended four settlement conferences scheduled by the COURT, exchanged extensive amounts of information and documents, conducted a significant investigation, and undertaken extensive legal and factual analyses of the claims and defenses.  The information exchanged by the PARTIES included redacted payroll records for all putative class members in Maryland, New York, Massachusetts and New Jersey that excluded information that would identify any non-parties.  The PARTIES also prepared separately detailed individualized damage models for all putative class members.  The PARTIES conducted at least four days of face-to-face discussions.   After extensive arms-length negotiations, the PARTIES entered into this proposed SETTLEMENT AGREEMENT.  The PARTIES enter into this proposed SETTLEMENT AGREEMENT to resolve all claims by NAMED PLAINTIFFS and members of the SETTLEMENT CLASSES as defined in this SETTLEMENT AGREEMENT that they have or may have against Defendants, to avoid the uncertainties of going forward with conditional certification, class certification, summary judgment, trial or risks of appeal, to avoid further expenses, inconveniences and the distractions of burdensome and protracted litigation, to obtain the covenants, releases, orders and judgments contemplated by this SETTLEMENT AGREEMENT and to achieve what the PARTIES believe is a fair, reasonable, adequate and final resolution of the claims being settled as set forth herein.

6

M.     Defendants expressly deny any liability or wrongdoing of any kind associated with the claims in the BREDBENNER COMPLAINT, the CONNELL STATE COMPLAINT, the CONNELL FEDERAL COMPLAINT and the HUBBS FEDERAL COMPLAINT (collectively, the "LITIGATION").  Defendants contend they have complied with all applicable federal and state laws at all times.  By entering into the SETTLEMENT AGREEMENT, LIBERTY does not admit any liability or wrongdoing and expressly denies the same; it is expressly understood and agreed that the SETTLEMENT AGREEMENT is being entered into by LIBERTY solely for the purpose of avoiding the costs and disruption of further litigation and to resolve all outstanding claims.  Nothing in the SETTLEMENT AGREEMENT, settlement proposals exchanged by the PARTIES or any motions filed or Orders entered pursuant to the SETTLEMENT AGREEMENT, is to be construed or deemed an admission by Defendants, or any of them, of any liability, culpability, negligence or wrongdoing, and the SETTLEMENT AGREEMENT (whether embodied in this document or elsewhere), each of its terms and provisions, its execution, and its implementation, including any motions filed or Orders entered, shall not in any respect be construed as, offered, or deemed admissible in any arbitration or legal proceedings for any purpose except in an action or proceeding to approve, interpret, or enforce the terms of the SETTLEMENT AGREEMENT.  Furthermore, neither the SETTLEMENT AGREEMENT, any motions filed, settlement proposals exchanged by the PARTIES or Orders entered pursuant to the SETTLEMENT AGREEMENT, nor any class certification pursuant to the SETTLEMENT AGREEMENT, shall constitute an admission, finding, or evidence that any requirement for class certification has been satisfied in the LITIGATION or any other action, except for the limited settlement purposes pursuant to the terms of the SETTLEMENT

AGREEMENT. Should this SETTLEMENT AGREEMENT be terminated for any reason, the PARTIES agree that it shall be inadmissible in any proceeding and neither offered, received nor construed as an admission of any kind concerning any matter, including whether any class is certifiable.

N.     For purposes of settlement only, the PARTIES seek certification of the following OPT-OUT SETTLEMENT CLASSES pursuant to Rule 23 of the Federal Rules of Civil Procedure: (a) the "NEW YORK STATE LAW CLASS," which refers to any and all persons employed by LIBERTY as a full-time travel agent in New York at any time during the period between March 19, 2003, and August 31, 2008; (b) the "NEW JERSEY STATE LAW CLASS," which refers to any and all persons employed by LIBERTY as a full-time travel agent in New Jersey at any time between September 17, 2007, and August 31, 2008; (c) the "MASSACHUSETTS STATE LAW CLASS," which refers to any and all persons employed by LIBERTY as a full-time travel agent in Massachusetts at any time between March 19, 2007, and August 31, 2008; and (d) the "MARYLAND STATE LAW CLASS," which refers to any and all persons employed by LIBERTY as a full-time travel agent in Maryland at any time between March 19, 2006, and August 31, 2008.

O.     CLASS COUNSEL has conducted a thorough investigation of the claims against LIBERTY by NAMED PLAINTIFFS and potential members of SETTLEMENT CLASSES sought to be certified under this SETTLEMENT AGREEMENT, including interviewing full-time travel agents; reviewing voluminous documents, including employment agreements, payroll documentation, and pay-related policies. Based on their independent investigation and evaluation, CLASS COUNSEL believe that the settlement with LIBERTY for the consideration

8

and on the terms set forth in this SETTLEMENT AGREEMENT is fair, reasonable, and adequate, and is in the best interest of all NAMED PLAINTIFFS and potential members of the SETTLEMENT CLASSES in light of all known facts and circumstances, including risk of delay, LIBERTY'S defenses, and numerous trial and appellate issues.

P.     This SETTLEMENT AGREEMENT shall automatically terminate, and the SETTLEMENT CLASSES certification shall automatically be cancelled if this SETTLEMENT AGREEMENT is terminated pursuant to Section XI below, in which event this SETTLEMENT AGREEMENT shall be inadmissible in any proceeding and neither offered, received nor construed as an admission of any kind concerning any matter, including whether any class is certifiable.

Q.     The PARTIES shall request that the magistrate judge assigned by the United States District Court for the District of New Jersey (the "COURT") to the BREDBENNER ACTION approve, administer, and implement the SETTLEMENT AGREEMENT with respect to all actions and claims settled in this SETTLEMENT AGREEMENT, and retain jurisdiction as needed to effectuate its terms.

R.     This SETTLEMENT AGREEMENT is contingent upon the approval and certification of the SETTLEMENT CLASSES as defined in this SETTLEMENT AGREEMENT.  Defendants do not waive, and instead expressly reserve their rights to challenge the propriety of class certification for any purpose should the COURT not approve this SETTLEMENT AGREEMENT and not enter a FINAL APPROVAL ORDER.

## II.    DEFINITIONS

A.     "ADJUSTED GROSS SETTLEMENT AMOUNT" means the INDIVIDUAL ESTIMATED GROSS SETTLEMENT AMOUNT multiplied by the PRO RATA ADJUSTMENT FACTOR.

B.     "AUTHORIZED CLAIMANT" means a member of the FINAL SETTLEMENT CLASSES, or the authorized legal representative of such member of the FINAL SETTLEMENT CLASSES, who has timely and validly signed and filed with the SETTLEMENT CLAIMS ADMINISTRATOR a CLAIM FORM, thereby becoming eligible to receive a SETTLEMENT PAYMENT.

C.     The "BAR DATE" is the date by which any member of the SETTLEMENT CLASSES who wishes to qualify as an AUTHORIZED CLAIMANT must file a CLAIM FORM, which shall be the SETTLEMENT CLAIMS ADMINISTRATOR'S receipt of the signed CLAIM FORM no later than sixty (60) days after the CLASS NOTICE and CLAIM FORM was first mailed to members of the SETTLEMENT CLASSES.  This sixty-day period shall be extended by no more than twenty (20) days only for (i) those members of the SETTLEMENT CLASSES to whom the SETTLEMENT CLAIMS ADMINISTRATOR mailed the CLASS NOTICE and CLAIM FORM a second time to a different address because the United States Postal Service returned the first mailing due to an incorrect address, and/or (ii) those members of the SETTLEMENT CLASSES to whom the SETTLEMENT CLAIMS ADMINISTRATOR sent a request to cure any deficiencies in the CLAIM FORM that such member initially filed with the SETTLEMENT CLAIMS ADMINISTRATOR.  To facilitate administration of the terms of this SETTLEMENT AGREEMENT, this twenty-day extension

10

may be applied only once, even if both scenarios contemplated above happen to occur with respect to any particular member.

D.      "CAFA NOTICE" refers to the notice to be sent by LIBERTY to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b), substantially in the form of Exhibit 1 attached hereto.

E.      "CLAIM FORM" refers to each of the documents substantially in the form of Exhibits 2 through 5 attached hereto.  In no event shall the CLAIM FORM state any dollar amounts, estimated or actual, to which the person to whom it is addressed may be eligible under this SETTLEMENT AGREEMENT.  Exhibit 2 shall be mailed to and signed and filed by NAMED PLAINTIFFS who are age 40 or over; Exhibit 3 shall be mailed to and signed and filed by NAMED PLAINTIFFS who are under age 40; Exhibit 4 shall be mailed to and signed and filed by the ORIGINAL OPT-IN PLAINTIFFS; Exhibit 5 shall be mailed to and signed and filed by all other members of the SETTLEMENT CLASSES.  FLSA SETTLEMENT CLASS MEMBERS and STATE LAW SETTLEMENT CLASS MEMBERS shall be mailed and shall sign and file all of the CLAIM FORMS applicable to the classes of which they are a member.

F.      "CLASS COUNSEL" refers to Getman & Sweeney, PLLC.

G.      "CLASS NOTICE" refers to the notice of settlement to be sent to members of the SETTLEMENT CLASSES substantially in the form of Exhibit 6 attached hereto.

H.      "COURT" refers to the United States District Court for the District of New Jersey, Newark Division.

11

I.      "FINAL APPROVAL HEARING" means the hearing contemplated by the PARTIES, at which the COURT will approve, in final, the settlement and make such other final rulings as are contemplated by this SETTLEMENT AGREEMENT.

J.      "FINAL APPROVAL ORDER" refers to the order of the COURT granting final approval of this SETTLEMENT AGREEMENT on the terms provided herein or as the same may be modified by subsequent mutual agreement of the PARTIES.

K.      "FINAL EFFECTIVE DATE" refers to the first date after all of the events and conditions set forth in Section III.A. have been met or occurred.

L.      "FINAL JUDGMENT" refers to the judgment entered by the COURT in conjunction with the FINAL APPROVAL ORDER dismissing the LITIGATION with prejudice. The PARTIES shall submit an order of FINAL JUDGMENT setting forth the terms of this SETTLEMENT AGREEMENT, by incorporation or otherwise, for execution and entry by the COURT at the time of the FINAL APPROVAL HEARING or at such other time as the COURT deems appropriate.

M.      "FINAL SETTLEMENT CLASSES" refers to all members of the FLSA CLASS, the NEW YORK STATE LAW CLASS, the NEW JERSEY STATE LAW CLASS, the MARYLAND STATE LAW CLASS and the MASSACHUSETTS STATE LAW CLASS who do not timely and validly exclude themselves from the classes in compliance with the opt-out and exclusion procedures set forth in this SETTLEMENT AGREEMENT.

N.      "FLSA CLASS" means NAMED PLAINTIFFS, the ORIGINAL OPT-IN PLAINTIFFS, and any person to whom a CLASS NOTICE and CLAIM FORM are sent pursuant to this SETTLEMENT AGREEMENT.

O.     "FLSA CLASS PERIOD" means the three-year period preceding the date on which each member of the FLSA CLASS (i) filed with the COURT notice of their consent to opt in to the BREDBENNER COMPLAINT or CONNELL FEDERAL COMPLAINT, or (ii) timely and validly filed a CLAIM FORM with the SETTLEMENT CLAIMS ADMINISTRATOR, and ending on August 31, 2008.

P.     "FLSA RELEASED CLAIMS" refers to the released claims set forth in Section III.D.3.

Q.     "FLSA RELEASING PERSONS" means each and every member of the FLSA CLASS and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, agents, representatives, successors-in-interest and assigns.

R.     "FLSA SETTLEMENT CLASS MEMBER" refers to any member of the SETTLEMENT CLASSES who timely files a CLAIM FORM with the SETTLEMENT CLAIMS ADMINISTRATOR by the BAR DATE.

S.     "INDIVIDUAL ESTIMATED GROSS SETTLEMENT AMOUNT" means the amount determined for each member of the SETTLEMENT CLASSES through application of the following formula based on the data in LIBERTY'S payroll records:  (i) Divide the "time entry wages" by the "time entry hours" in each applicable pay period, then (ii) multiply the resulting figure by 1.5, then (iii) multiply that product by the reported "dimi OT" hours, and then (iv) deduct from that product the amounts LIBERTY paid to that member as "dimi OT" pay for that pay period.  The INDIVIDUAL ESTIMATED GROSS SETTLEMENT AMOUNT for each of the ORIGINAL OPT-IN PLAINTIFFS also will include an amount equal to 25% of the amount calculated through the foregoing formula for that ORIGINAL OPT-IN PLAINTIFF

13

during the FLSA CLASS PERIOD only.  Each member of the SETTLEMENT CLASSES will be allocated at least $50 as an INDIVIDUAL ESTIMATED GROSS SETTLEMENT AMOUNT.  The applicable pay periods are those in which the member of the SETTLEMENT CLASSES for whom the calculation is made performed work for LIBERTY during the applicable FLSA CLASS PERIOD and STATE LAW CLASS PERIOD.  The INDIVIDUAL ESTIMATED GROSS SETTLEMENT AMOUNT for anyone who is a member of the FLSA CLASS and the NEW YORK STATE LAW CLASS, the NEW JERSEY STATE LAW CLASS, the MARYLAND STATE LAW CLASS and/or the MASSACHUSETTS STATE LAW CLASS shall include only one calculation for each overlapping pay period within the FLSA CLASS PERIOD and STATE LAW CLASS PERIOD.

      T.     "LIBERTY" refers to FC USA Inc, formerly known as Liberty Travel, Inc., a New York corporation.

      U.     "LITIGATION" refers to the BREDBENNER COMPLAINT, the CONNELL FEDERAL COMPLAINT, the HUBBS FEDERAL COMPLAINT, and the CONNELL STATE COMPLAINT.

      V.     "MARYLAND STATE LAW CLASS PERIOD" means March 19, 2006, through August 31, 2008.

      X.     "MASSACHUSETTS STATE LAW CLASS PERIOD" means March 19, 2007, through August 31, 2008.

      Y.     "NAMED PLAINTIFFS" refers to the individuals named as plaintiffs in the above-captioned cases.

Z.    "NEW JERSEY STATE LAW CLASS PERIOD" means September 17, 2007, through August 31, 2008.

AA.    "NEW YORK STATE LAW CLASS PERIOD" means March 19, 2003, through August 31, 2008.

BB.    "MAXIMUM GROSS SETTLEMENT AMOUNT" is Three Million Dollars ($3,000,000), inclusive of, without limitation, any applicable tax and related withholdings, employer-paid payroll taxes, SERVICE PAYMENTS, SETTLEMENT CLAIMS ADMINISTRATOR fees, costs and expenses in the event all class members timely submit a claim, using a "claims made" procedure as set forth in Section III.B.

CC.    An "OPT-OUT" is a member of the NEW YORK STATE LAW CLASS, the NEW JERSEY STATE LAW CLASS, the MARYLAND STATE LAW CLASS or the MASSACHUSETTS STATE LAW CLASS who has timely filed a request for exclusion as specified in Section VII.A.

DD.    "OPT-OUT PERIOD" refers to the period beginning with the date CLASS NOTICE and CLAIM FORM are first mailed to members of the SETTLEMENT CLASSES and ending sixty (60) days after the date of that mailing. This sixty-day period shall be extended by no more than twenty (20) days for those members of the SETTLEMENT CLASSES to whom the SETTLEMENT CLAIMS ADMINISTRATOR mailed the CLASS NOTICE and CLAIM FORM a second time to a different address because the United States Postal Service returned the first mailing due to an incorrect address.

EE.    "ORIGINAL OPT-IN PLAINTIFFS" means Marcia Achatz, Elena M. Alfieri, Kendy Alvarez, Elisete Alves-Pasquale, Mark Asch, Jane Ayre, Lori A. Barbic, Lenora Barton

Spikes, Jeanne Bastien, Mandy Bauch, Susan Bax, Kathleen Becker, Denise Bermudez, Barbara Billing, Patrica Booth, Norma M. Borruso, James W. Bottoms Jr., Dasiree Bourbon, Melody Buckingham, Lisa Calandriello, Kristen Canonaco, Maria L. Caraballo, Christina Chesleigh, Tracy Covert, Terri Cummings, Tina Dabella, Andrew Daloia, Francis J. Dell, Timothy DeLorge, Lisa DePaolis, Debra DeSanctis, Jo-Ann DeStefano, JoAnne Difilippo, Susan Diliberto, Lisa Dineen, Warren F. Dolan, Tiffanie Dorch, Brian Dorman, Jennifer Dudek, Gary Ei, Donna Esford, Stacey Evans, Jill Evans, Alan Falzack, Susan Feuerstein, Stefanie Filippini, Joseph Fiorenzo, Stephanie Fletcher-Scott, Jennifer Folk, Amanda Ford, Carrie A. French, Shawna Garber, Joanne Giovanniello, Gordon, Giavanna, Roger Grant, Frances M. Green, Steven Greenbaum, Tania Gregorio, AnnMarie Grogan, Paula Guck, Debra Helmke, Auria Hernandez-Thomas, Lori Heston, Jackelen V. Hopkins, Kimberly Hoyt, Marianne Iervolino, Athena Ioannou, Maurece Jones, Jennifer Kaczor, Karen Keller, Seema Khandaria, Karina Khechoyan, Jennifer Kraft, Fern Kravitz, Loren Krishan, William Krumpholtz, Sita Kurdi, John Kusek, Rob Lane Cesareo, Carrielee Langan, Karen Lawrence, Sylvia Lewis, Richard Lipsett, Linda Lloyd, Rita Machin, Rachel Mack, Melissa Maggipinto, Susan Marotta, Melissa Marzullo, Andrea C. Mastropietro, Margaret Mathison, Emily Matthews, Christina McDermott, Joanne McKeon, Cynthia McLaughlin, Norma McMillan, Rachel Mignano, Diana Mitrevski, Frances Monte-Griffo, Robert Moore, Michele Mroz, Celeste Muro, Michele Notaro, Philip Orchin, Lynn Oswald, Jacqueline Palmer, Marilyn Pernick, Laura Piazza, Stephen J. Podolak, Regine Poirier, Pasquale Porco, Jennifer Pratt, Polina Price, Michelle Resig, Emily Rich, Anthony Russo, Sharyn Saffan-Schacter, Mary Sasala, Kimberly Schmidt, Corrina Schultz, Carl Schwartz, Irene Scrofani, Mary Serio, Joanne Sharpe, Robin Smith, Pamela Sozio, Anna

16

DiGiuseppe, Patrice Stafford, Bindu Sundaran, Keola Thom-Johnson, Deborah Thompson, Holly

Timian, Danielle Unglesbee, Anna Valdes, Claire VanWely, Irma Vazquez, Tanya Visgotis, Gail

M. Von Briesen, Elizabeth Vouzoukas, Brenda Wachs, Stephanie N. Warfel, Laurie Webber-

Smith, Ann Welbeck, Laura Wexler, and Kim Zack.

   FF. "PARTIES" refers to NAMED PLAINTIFFS and LIBERTY and, in the singular,

refers to any of them, as the context makes apparent.

   GG. "PRELIMINARY APPROVAL HEARING" means the hearing contemplated by

the PARTIES at which the COURT will approve preliminarily this SETTLEMENT

AGREEMENT on the terms provided herein or as the same may be modified by subsequent

mutual agreement of the parties.

   HH. "PRELIMINARY APPROVAL ORDER" refers to the order of the COURT

granting preliminary approval of this SETTLEMENT AGREEMENT on the terms provided

herein or as the same may be modified by subsequent mutual agreement of the parties.

   II. "PRO RATA ADJUSTMENT FACTOR" equals the figure determined by

dividing the REVISED MAXIMUM GROSS SETTLEMENT AMOUNT by the aggregate

INDIVIDUAL ESTIMATED GROSS SETTLEMENT AMOUNTS for all members of the

SETTLEMENT CLASSES combined.  The PRO RATA ADJUSTMENT FACTOR shall not

exceed one.

   JJ. "RELEASED PARTIES" refers to LIBERTY and its past, present, and future

parents, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated and

related entities (including, but not limited to, Flight Centre Ltd. and Flight Centre USA, Inc.), its

and their past, present and future owners (including, but not limited to, Gilbert Haroche and

17

Michelle Kassner), shareholders, insurers, reinsurers and assigns, and each of its and their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, as well as any benefits plans sponsored or administered by, and any other person or entity that could be jointly liable with, LIBERTY.

KK.    "REVISED MAXIMUM GROSS SETTLEMENT AMOUNT" means the MAXIMUM GROSS SETTLEMENT AMOUNT after deducting the total amounts approved by the COURT for all SERVICE PAYMENTS and for CLASS COUNSEL'S fees, expenses and costs.

LL.    "SERVICE PAYMENT" means the payment contemplated herein to NAMED PLAINTIFFS for executing a general, global release and a confidentiality agreement, subject to liquidated damages of seventy-five percent (75%) of all monies paid to them in the event they violate any aspect of the confidentiality agreement, for releasing any conceivable retaliation claims, and for their involvement and time spent on this LITIGATION for the benefit of the SETTLEMENT CLASSES.

MM.    "SETTLEMENT AGREEMENT" refers to this Stipulation and Settlement Agreement.

NN.    "SETTLEMENT CLAIMS ADMINISTRATOR" refers to Gilardi and Co. LLC located at 3301 Kerner Blvd., San Rafael, CA 94901 or such other entity upon whom the PARTIES mutually agree.

OO.    "SETTLEMENT CLASSES" refers collectively to those persons who are members of the classes to be certified by the COURT solely for the purpose of effectuating this

18

SETTLEMENT AGREEMENT.  The SETTLEMENT CLASSES include and shall consist of the following individuals:

(1)     The "NEW YORK STATE LAW CLASS," which refers to any and all persons employed by LIBERTY as a full-time travel agent in New York at any time between March 19, 2003, and August 31, 2008;

(2)     The "NEW JERSEY STATE LAW CLASS," which refers to any and all persons employed by LIBERTY as a full-time travel agent in New Jersey at any time between September 4, 2007, and August 31, 2008;

(3)     The "MASSACHUSETTS STATE LAW CLASS," which refers to any and all persons employed by LIBERTY as a full-time travel agent in Massachusetts at any time between March 19, 2007, and August 31, 2008; and

(4)     The "MARYLAND STATE LAW CLASS," which refers to any and all persons employed by LIBERTY as a full-time travel agent in Maryland at any time between March 19, 2006, and August 31, 2008; and

(5)     The "FLSA CLASS."

PP.     "SETTLEMENT PAYMENT" refers to payment of the ADJUSTED GROSS SETTLEMENT AMOUNT to which an AUTHORIZED CLAIMANT may become entitled pursuant to this SETTLEMENT AGREEMENT, subject to all applicable garnishments, liens, and withholding orders, following the FINAL EFFECTIVE DATE.

QQ.     "STATE LAW CLASS PERIOD" refers to the NEW YORK STATE LAW CLASS PERIOD, the NEW JERSEY STATE LAW CLASS PERIOD, the MARYLAND

STATE LAW CLASS PERIOD and/or the MASSACHUSETTS STATE LAW CLASS PERIOD applicable to each of the STATE LAW SETTLEMENT CLASS MEMBERS.

RR.    "STATE LAW RELEASED CLAIMS" refers to released claims set forth in Section III.D.3.

SS.    "STATE LAW RELEASING PERSONS" means each and every STATE LAW SETTLEMENT CLASS MEMBER and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, agents, representatives, successors-in-interest and assigns.

TT.    "STATE LAW SETTLEMENT CLASS MEMBER" refers to any member of the NEW YORK STATE LAW CLASS, the NEW JERSEY STATE LAW CLASS, the MARYLAND STATE LAW CLASS or the MASSACHUSETTS STATE LAW CLASS who does not file a valid and/or timely Request for Exclusion as provided in Section VII of the SETTLEMENT AGREEMENT.

### III.    TERMS OF SETTLEMENT

A.    FINAL EFFECTIVE DATE

1.    Shall be the first date after all of the following events and conditions have been met or have occurred:

a.    The COURT has, by entry of a PRELIMINARY APPROVAL ORDER:

(1)    Approved the conditional certification of the relevant SETTLEMENT CLASSES;

(2)     Preliminarily approved the settlement set forth in this SETTLEMENT AGREEMENT, and the method of providing CLASS NOTICE to the relevant SETTLEMENT CLASSES; and

(3)     Set a hearing for the final approval of the settlement.

b.     The COURT has entered a FINAL APPROVAL ORDER approving this settlement and the COURT has entered the judgment as provided in Section V;

c.     The deadline has passed without action by any Party to terminate the SETTLEMENT AGREEMENT pursuant to Section X.B; and

d.     The time to appeal from the FINAL APPROVAL ORDER has expired and no notice of appeal has been filed; and

e.     In the event that an appeal is actually filed, the latest of the following, if applicable, has occurred:

(1)     Any appeal from the FINAL APPROVAL ORDER has been finally dismissed;

(2)     The FINAL APPROVAL ORDER has been affirmed on appeal in a form substantially identical to the form of the FINAL APPROVAL ORDER entered by the COURT;

(3)     The time to petition for review with respect to any appellate decision affirming the FINAL APPROVAL ORDER has expired;

(4)     If a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, affirmed the FINAL APPROVAL ORDER in a form substantially identical to the form of the FINAL ORDER entered by the COURT.  The

21

PARTIES agree that the COURT shall retain jurisdiction to enforce the terms of this SETTLEMENT AGREEMENT unless specifically set forth otherwise herein.

      B.        <u>MAXIMUM GROSS SETTLEMENT AMOUNT</u>

          1.      As consideration for the terms of this SETTLEMENT AGREEMENT and in full settlement and satisfaction of all claims by all members of the SETTLEMENT CLASSES encompassed by this SETTLEMENT AGREEMENT, and for CLASS COUNSEL'S attorneys' fees, expenses and costs, LIBERTY shall pay no more than the MAXIMUM GROSS SETTLEMENT AMOUNT of Three Million Dollars ($3,000,000), inclusive of, without limitation, any applicable tax and related withholdings, employer-paid payroll taxes, SERVICE PAYMENTS and SETTLEMENT CLAIMS ADMINISTRATOR fees, in the event all class members timely submit a claim, using a "claims made" procedure as follows:

             a.      Within five (5) business days of service of the COURT'S PRELIMINARY APPROVAL ORDER or by August 23, 2010, whichever is later, LIBERTY shall provide confidentially to the SETTLEMENT CLAIMS ADMINISTRATOR electronic spreadsheets containing the relevant payroll records with the names, addresses and hours worked of, and time entry and overtime wages paid to, all members of the SETTLEMENT CLASSES during the NEW YORK STATE LAW CLASS PERIOD, the NEW JERSEY STATE LAW CLASS PERIOD, the MASSACHUSETTS STATE LAW CLASS PERIOD, the MARYLAND STATE LAW CLASS PERIOD, and the FLSA CLASS PERIOD, as applicable.  Within five (5) business days of service of the COURT'S PRELIMINARY APPROVAL ORDER or by August 23, 2010, whichever is later, LIBERTY shall provide to CLASS COUNSEL electronic spreadsheets containing the relevant payroll records with the names, addresses and hours worked

of, and time entry and overtime wages paid to, all ORIGINAL OPT-IN PLAINTIFFS AND NAMED PLAINTIFFS for all applicable claims.

                b.     Within ten (10) days of receipt of the foregoing payroll records, the SETTLEMENT CLAIMS ADMINISTRATOR shall calculate the INDIVIDUAL ESTIMATED GROSS SETTLEMENT AMOUNT for all members of the SETTLEMENT CLASSES and provide CLASS COUNSEL and counsel for LIBERTY with its calculation of the INDIVIDUAL ESTIMATED GROSS SETTLEMENT AMOUNT for each member of the SETTLEMENT CLASSES along with the total sum of those INDIVIDUAL ESTIMATED GROSS SETTLEMENT AMOUNTS.  CLASS COUNSEL and LIBERTY shall have five (5) business days to review and comment on these calculations.  The list to be provided to CLASS COUNSEL shall not identify members of the SETTLEMENT CLASSES by name but instead utilize a unique identifying number, except that the list will identify all ORIGINAL OPT-IN PLAINTIFFS and NAMED PLAINTIFFS by name.  The SETTLEMENT CLAIMS ADMINISTRATOR shall review any comments received from CLASS COUNSEL or counsel for LIBERTY and finalize its calculation of the INDIVIDUAL ESTIMATED GROSS SETTLEMENT AMOUNT for each member of the SETTLEMENT CLASSES within five (5) business days of any comments received by either CLASS COUNSEL or counsel for LIBERTY. The SETTLEMENT CLAIMS ADMINISTRATOR'S determination after input from CLASS COUNSEL and counsel for LIBERTY of the INDIVIDUAL ESTIMATED GROSS SETTLEMENT AMOUNT for each member of the SETTLEMENT CLASSES shall be final and not subject to appeal to the district court or appellate courts.

c.      All SETTLEMENT PAYMENTS issued to the AUTHORIZED CLAIMANTS, other than CLASS COUNSEL'S attorneys' fees, expenses and costs and NAMED PLAINTIFFS' SERVICE PAYMENTS, shall be divided into two equal payments: one as back wages, and the other as liquidated damages and/or interest.  The back wages shall be subject to all required employee-paid payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and other state-specific statutory deductions) and other authorized or required deductions (garnishments, tax liens, child support, etc.), which the AUTHORIZED CLAIMANTS will be responsible for paying from their allotted SETTLEMENT PAYMENTS.  The employer's share of FICA and FUTA and any other taxes specifically required of employers under applicable law on the portion of the SETTLEMENT PAYMENTS characterized as back wages shall be paid from any unclaimed SETTLEMENT PAYMENTS after such unclaimed funds are used to pay any costs related to Claims Administration as defined in Section VIII.  To the extent that the unclaimed SETTLEMENT PAYMENTS are insufficient to pay the employer's share of FICA and FUTA and any other taxes specifically required of employers under applicable law, those taxes will be paid from the claimed SETTLEMENT PAYMENTS as pre-tax deductions, as they have been expressly included in the MAXIMUM GROSS SETTLEMENT AMOUNT.  The liquidated damage portion of the SETTLEMENT PAYMENTS shall be characterized as payment for alleged interest and liquidated damages under the FLSA and/or applicable state law and treated as income to the AUTHORIZED CLAIMANT.  The SETTLEMENT CLAIMS ADMINISTRATOR will report each AUTHORIZED CLAIMANT'S back wage payment on an IRS Form W-2 and interest and liquidated damage payment on an IRS Form 1099.

        d.     CLASS COUNSEL shall make an application to the COURT after the BAR DATE, sufficiently in advance of the FINAL APPROVAL HEARING, and not later than December 13, 2010, for an award of no more than thirty-three (33) percent of the MAXIMUM GROSS SETTLEMENT AMOUNT as payment of NAMED PLAINTIFFS' and the SETTLEMENT CLASSES' attorneys' fees, expenses and costs.  LIBERTY will not oppose this request.  The amount approved by the Court for payment of attorneys' fees, expenses and costs will be deducted from the MAXIMUM GROSS SETTLEMENT AMOUNT prior to determining the INDIVIDUAL ESTIMATED GROSS SETTLEMENT AMOUNTS calculated for all AUTHORIZED CLAIMANTS.  For tax accounting purposes, the amount approved by the Court for payment of the FINAL SETTLEMENT CLASSES' attorneys' fees, expenses and costs shall be allocated among the AUTHORIZED CLAIMANTS in proportion to their ADJUSTED GROSS SETTLEMENT AMOUNTS and reported as required on IRS Form(s) 1099.  Should the court-approved portion of the MAXIMUM GROSS SETTLEMENT AMOUNT due as the FINAL SETTLEMENT CLASSES' attorneys' fees, expenses and costs not be satisfied in full from the INDIVIDUAL ESTIMATED GROSS SETTLEMENT AMOUNTS calculated for all AUTHORIZED CLAIMANTS, the remaining amount of attorneys' fees, expenses and costs due will be allocated for tax accounting purposes to the remaining portion of the MAXIMUM GROSS SETTLEMENT AMOUNT after all ADJUSTED GROSS SETTLEMENT AMOUNTS have been allocated to the AUTHORIZED CLAIMANTS pursuant to the terms of this SETTLEMENT AGREEMENT.  Payment of such attorneys' fees, expenses and costs shall be made by delivery to CLASS COUNSEL of the amount approved by the COURT for same ten (10) days after the FINAL EFFECTIVE DATE.  Payment of such attorneys' fees, expenses and

costs to CLASS COUNSEL shall constitute full and complete satisfaction of any and all obligations by LIBERTY to pay any person, attorney or law firm for attorneys' fees, expenses or costs incurred on behalf of NAMED PLAINTIFFS and all other members of the FINAL SETTLEMENT CLASSES, and shall fully relieve and discharge the RELEASED PARTIES of and from any other claims or liability to any person for any attorneys' fees, expenses and costs to which any person may claim to be entitled on behalf of NAMED PLAINTIFFS or any other members of the FINAL SETTLEMENT CLASSES in this LITIGATION.  Upon payment of CLASS COUNSEL'S attorneys' fees, expenses and costs, CLASS COUNSEL and all other attorneys representing any members of the FINAL SETTLEMENT CLASSES in this LITIGATION shall release Defendants and all other RELEASED PARTIES from any and all claims for prevailing party attorneys' fees, expenses and costs relating to any aspect of the LITIGATION.

          e.     From the MAXIMUM GROSS SETTLEMENT AMOUNT, CLASS COUNSEL shall seek a SERVICE PAYMENT for each of the NAMED PLAINTIFFS (*i.e.,* Deanna Bredbenner, Paul Gilbert, Belinda Serrano, Carol Connell, William Krumpholz, Corrine Orchin, Leigh Anne Hubbs and Nicole Reid), provided that each becomes an AUTHORIZED CLAIMANT, in the gross amount of ten thousand dollars ($10,000), with fifty percent of that amount payable within ten (10) days of the FINAL EFFECTIVE DATE and the remainder payable within the ensuing one hundred eighty (180) days.

          f.     Except as provided above, SETTLEMENT PAYMENTS shall be issued to AUTHORIZED CLAIMANTS, less their pro-rated share of NAMED PLAINTIFFS'

and the FINAL SETTLEMENT CLASSES' attorneys' fees, costs and expenses, and less required taxes and other deductions, within ten (10) days of the FINAL EFFECTIVE DATE.

        g.    Any portion of the MAXIMUM GROSS SETTLEMENT AMOUNT that remains after SETTLEMENT PAYMENTS, SERVICE PAYMENTS and the payment of attorneys' fees, expenses and costs are made to AUTHORIZED CLAIMANTS and CLASS COUNSEL shall first be applied to satisfy all reasonable costs of notice to SETTLEMENT CLASSES, including the costs of searching for additional addresses for any notice returned undeliverable, and all reasonable expenses and fees of the SETTLEMENT CLAIMS ADMINISTRATOR for work performed consistent with the duties assigned to the SETTLEMENT CLAIMS ADMINISTRATOR in Section VIII.B, which shall not exceed fifty thousand and 00/100 dollars ($50,000), and to any employer tax obligations on any SETTLEMENT PAYMENTS, provided that the SETTLEMENT CLAIMS ADMINISTRATOR shall first provide LIBERTY with its calculations of its total expenses and fees and employer tax obligations and provide LIBERTY with ten (10) business days to verify or correct the accuracy of those calculations, and any portion of the MAXIMUM GROSS SETTLEMENT AMOUNT that remains shall be retained by LIBERTY and remain its sole and exclusive property.

      C.    <u>Confidentiality Provisions</u>

        1.    All NAMED PLAINTIFFS shall execute the CLAIM FORMS attached hereto as Exhibit 2 (NAMED PLAINTIFFS age 40 or over) or Exhibit 3 (NAMED PLAINTIFFS under age 40), as applicable depending on their age, and the CLAIM FORM attached hereto as Exhibit 5. In their confidentiality agreement, NAMED PLAINTIFFS shall be required to certify under oath that since July 9, 2010 they have not disclosed and promise they will not disclose the

existence or terms of this SETTLEMENT AGREEMENT <u>or</u> the fact of, the negotiations leading up to and/or terms of settlement in the LITIGATION (whether embodied in this SETTLEMENT AGREEMENT or elsewhere) to any person or entity, except their spouse, attorneys, accountants or financial advisors (whom NAMED PLAINTIFFS guarantee will keep this information confidential), or to any court or government agency when required to do so by law.  If any of the NAMED PLAINTIFFS are asked about the settlement, they will respond only that they cannot discuss the case; provided that if the person making the inquiry is a member of the SETTLEMENT CLASSES, then such NAMED PLAINTIFF may also tell that person either (a) he/she will receive a notice regarding the case, or (b) he/she may call the SETTLEMENT CLAIMS ADMINISTRATOR.   NAMED PLAINTIFFS shall further be required to pay LIBERTY as liquidated damages, due to the difficulty ascertaining the full damages that would be caused thereby, for any violation of this confidentiality covenant seventy-five percent (75%) of all funds paid to them pursuant to this SETTLEMENT AGREEMENT, which may include SERVICE PAYMENTS, if approved by the COURT.  Should LIBERTY have evidence that any AUTHORIZED CLAIMANTS have violated the confidentiality or any other provision(s) of the CLAIM FORM, LIBERTY may terminate the remaining payments to those AUTHORIZED CLAIMANTS, provided it provides the evidence and notice to them and the SETTLEMENT CLAIMS ADMINISTRATOR in writing.

      2.     All ORIGINAL OPT-IN PLAINTIFFS shall execute the CLAIM FORMS in the forms attached hereto as Exhibits 4 and 5.  In their confidentiality agreement, the ORIGINAL OPT-IN PLAINTIFFS will be required to certify under oath that since July 16, 2010, they have not disclosed and promise they will not disclose the existence or terms of the

SETTLEMENT AGREEMENT <u>or</u> the fact of, the negotiations leading up to and/or terms of settlement in the LITIGATION (whether embodied in this SETTLEMENT AGREEMENT or elsewhere) to any person or entity, except their spouse, attorneys, accountants or financial advisors (whom NAMED PLAINTIFFS guarantee will keep this information confidential), or to any court or government agency when required to do so by law.  The ORIGINAL OPT-IN PLAINTIFFS shall further agree to pay LIBERTY as liquidated damages for any violation of their confidentiality covenant, due to the difficulty ascertaining the full damages that would be caused thereby, all funds paid to them pursuant to this SETTLEMENT AGREEMENT.

       3.      All other members of the SETTLEMENT CLASSES shall execute the CLAIM FORM in the form attached hereto as Exhibit 5, which shall include a confidentiality covenant.

       D.      <u>Release of Claims; Waiver; Assignment of Rights</u>

       1.      <u>Release by NAMED PLAINTIFFS</u>: As of the date of the FINAL APPROVAL ORDER, each of the NAMED PLAINTIFFS and LIBERTY hereby release and discharge forever and completely each other, and NAMED PLAINTIFFS further release and discharge forever and completely all of the other RELEASED PARTIES, from any and all claims, actions, charges, judgments and liabilities of any kind or nature that may be waived by private agreement, whether known or unknown, foreseen or unforeseen, in law or in equity (hereinafter "claim" or "claims"), that any of them at any time had, has, may have or claim or claimed to have regarding any events that occurred from the beginning of time through the date of the FINAL APPROVAL ORDER.  This release includes, but is not limited to, any and all claims related in any way to, or in any manner arising out of, PLAINTIFF'S employment with

LIBERTY and/or any of the other RELEASED PARTIES, including the termination of that employment, whether such claims arise under any federal, state or local statute, ordinance, regulation, contract (express or implied), constitutional provision or common law.

        2.    <u>Release by ORIGINAL OPT-IN PLAINTIFFS</u>:  As of the date of the FINAL APPROVAL ORDER, each of the ORIGINAL OPT-IN PLAINTIFFS hereby releases and discharges forever and completely LIBERTY and all of the other RELEASED PARTIES from any and all wage-related claims and employee benefits claims related to those wage claims, demands, rights, liabilities, expenses, and losses of any kind, that any of the ORIGINAL OPT-IN PLAINTIFFS has, had, might have or might have had against any of the RELEASED PARTIES based on any act or omission that occurred at any time up to and including the date of the FINAL APPROVAL ORDER, that are in any way related to any aspect of their employment with LIBERTY or of the facts or claims alleged in this LITIGATION or by reason of the negotiations leading to this settlement, even if presently unknown and/or unasserted.  This release includes any and all wage-related claims and employee benefits claims related to those wage claims under federal, state or local statute(s) (including, but not limited to, the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1101 et seq., and the state wage and hour laws listed below in Section III.D.3), ordinance, regulation, contract (express or implied), constitutional provision or common law based on any act or omission that occurred up to and including the date of the FINAL APPROVAL ORDER (i) for alleged failure to pay wages to full-time travel agents for all hours worked and/or any overtime compensation, (ii) for any form of employment benefits, and (iii)

that LIBERTY or any of the other RELEASED PARTIES retaliated against them or any other full-time travel agents for complaining about their wages or for asserting wage-related claims.

The ORIGINAL OPT-IN PLAINTIFFS further covenant and agree not to accept, recover or receive any back pay, liquidated damages, other damages or any other form of relief based on any FLSA RELEASED CLAIMS and/or STATE LAW RELEASED CLAIMS that arises from or in connection with any individual, class or administrative remedies pursued by any person or federal, state or local governmental agency against any of the RELEASED PARTIES.

3.      Release by STATE LAW SETTLEMENT CLASS MEMBERS and FLSA SETTLEMENT CLASS MEMBERS:  As of the FINAL APPROVAL DATE, all of the STATE LAW RELEASING PERSONS and FLSA RELEASING PERSONS hereby release and discharge completely and forever LIBERTY and all of the other RELEASED PARTIES from wage-related claims and employee benefits claims related to those wage claims, demands, rights, liabilities, expenses, and losses of any kind, that any of the STATE LAW RELEASING PERSONS and FLSA RELEASING PERSONS has, had, might have or might have had against any of the RELEASED PARTIES based on, related to or arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the operative complaints or any other act or omission that occurred at any time up to and including the date of the FINAL APPROVAL ORDER, in any way related to any aspect of their employment with LIBERTY, this LITIGATION, or the negotiations leading to this settlement, even if presently unknown and/or unasserted.  This release includes any and all claims under state, federal or local statute(s) or common law for alleged failure to pay wages to full-time travel agents for all hours worked

31

and/or any overtime compensation through the date of the FINAL APPROVAL ORDER, including, but not limited to, those under:

the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the Employee Retirement Income Security Act, 29 U.S.C. §§ 1101 et seq.; Maryland Code Ann. §§ 3-401 et seq., 3-501, et seq.; Massachusetts Gen. Laws c. 151 §§ 1A et seq. and 455 C.M.R. §§ 2.01 et seq.; New Jersey Stat. Ann. 34:11-56a et seq.; N.Y. Lab. Law §§ 650 et seq., 12 N.Y.C.R.R. 142-1.1 et seq.; California Lab. Code §§ 201-204, 212, 221 et seq., 226, 226.7, 400 et seq., 510 et seq., 512, 558, 1194, 2699 et seq., and 2802; Wage Orders of the Industrial Welfare Commission ("IWC") Wage Orders (8 Cal. Code Regs. § 11010 et seq.); California Bus. & Prof. Code § 17200 and Code of Civ. Proc. §§ 1021.5 and 1542; the California Private Attorney General Act; Florida Statute § 448.08, the Florida Minimum Wage law, Florida Constitution, Art. X, § 24; Georgia Code, §§ 34-4-6 et seq.; New Mexico Stat. Ann., N.M.S.A. §§ 50-4-01 et seq. and N.M. Admin Code tit. 11, § 1.4.7(I) et seq.; North Carolina General Statute §§ 95-24; South Carolina Code §§ 41-10-10 et seq.; Virginia Code Ann. §§ 40.1-28.8; 43 Pennsylvania Stat. §§ 260.1 et seq. and 333.101 et seq.; Alaska Stat. §§ 23.10.050 et seq.; Arkansas C.A. §§ 11-4-201 et seq.; Colorado Rev. Stat. §§ 8-6-101 et seq. and Colorado Wage Order No. 22, 7 C.C.R. 1103-1, C.C.H. 6-41, 801 et seq.; Connecticut Gen. Stat. §§ 31-58 et seq. and Connecticut Agency Regulation § 31-60-10(a); Delaware Wage Payment and Collection Act, 19 Del. C. § 1113 et seq.; District of Columbia Code §§ 32-1001 et seq.; Hawaii Rev. Stat. §§ 387 et seq.; Idaho I.C.A. §§ 44-1201 et seq.; 820 Illinois L.C.S. §§ 10511 et seq. and 56 Ill. Admin. Code § 210.100; Indiana Code §§ 22-2-2-1 et seq.; Iowa C.A §§ 91A.1 et seq.; Kansas Stat. Ann. §§ 44-1201 et seq.; Kentucky Rev. Stat. §§ 337 et seq. and 803 Ky. Admin. Regs. 1:005 et seq.; Maine Rev. Stat. Ann. §§ 661 et seq.; Michigan C.L. §§ 408.381 et seq.; Minnesota Stat. §§ 177.21 et seq.; Montana C.A. §§ 39-2-101 et seq. and 39-4-101 et seq. and Mont. Admin. R. 24.16. 1001 et seq.; Nebraska Rev. Stat, § 48-1228 et seq.; Nevada Rev. Stat. § 608.005 et seq.; New Hampshire Rev. Stat. Ann. § 279:1 et seq.; North Dakota C.C. §§ 34-06-01 et seq. and N.D. Admin. Code §§ 46-02-07 et seq.; Ohio R.C. §§ 4111.01 et seq.; 40 Okl. St. Ann §§ 165.1 et seq.; Oregon Rev. Stat. § 651.010 et seq. and Oregon Administrative Rules, O.A.S. 839-020-0030, 0080 et seq.; Puerto Rico Working Hours and Days Laws, 29 L.P.R.A. §§ 271 et seq.; Rhode Island Gen. Law §§ 28-12-1 et seq.; South Carolina Code, § 41-10-10 et seq.; South Dakota Consol. Laws § 60-1-1 et seq.; 21 Vermont Stat. Ann. §§ 341 et seq.; Washington Minimum Wage Act, R.C.W. 49.46.005 et seq. and Washington Minimum Wage Rules, WAC 296-126 et seq.; W. Va. Code § 25-5C-1 et seq.; Wisconsin Stat. §§ 103.01 et seq. and Wis. Admin. Code, §§ 272.01 et seq. and 274.01 et seq.; and Wyoming Stat. 1977 §§ 27-4-201 et seq. and §§ 27-4-501 et seq.

The STATE LAW RELEASING PERSONS and FLSA RELEASING PERSONS further agree not to accept, recover or receive any back pay, liquidated damages, other damages or any other form of relief based on any claims asserted or settled in this LITIGATION that

arises from or in connection with any individual, class or administrative remedies pursued by any person or federal, state or local governmental agency against any of the RELEASED PARTIES.

The STATE LAW RELEASING PERSONS and FLSA RELEASING PERSONS further covenant and agree not to take any steps to initiate, file or participate in any claim under the California Private Attorney General Act, California Labor Code sections 2699 *et seq.*, with respect to any claims for violation of the California Labor Code that allegedly arose at any time between February 26, 2006, and the date of the FINAL APPROVAL ORDER.

4.     Waiver of California Civil Code section 1542:  NAMED PLAINTIFFS, the ORIGINAL OPT-IN PLAINTIFFS, the STATE LAW RELEASING PERSONS and FLSA RELEASING PERSONS acknowledge that they each may have claims related to the STATE LAW RELEASED CLAIMS and FLSA RELEASED CLAIMS that are presently unknown and that the release contained in this SETTLEMENT AGREEMENT is intended to and will fully, finally, and forever discharge such claims, whether asserted or unasserted, known or unknown, to the extent they fall within the description of claims being released above.  Accordingly, each of the FLSA RELEASING PERSONS and STATE LAW RELEASING PERSONS understands and agrees to waive the provisions of, and relinquish all rights and benefits potentially afforded by, California Civil Code section 1542, which states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor, which if known by him or her must have materially affected his or her settlement with the debtor.

Each of the FLSA RELEASING PERSONS and STATE LAW RELEASING PERSONS also waives any and all provisions, rights and benefits conferred by any law of the United States, or any state or territory of the United States, or principle of common law that is

33

similar, comparable or equivalent to Section 1542 of the California Civil Code.  The FLSA RELEASING PERSONS and STATE LAW RELEASING PERSONS may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true, but upon the date of the FINAL APPROVAL ORDER, they shall be deemed to have forever settled and released any and all claims as described in this section, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or previously existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

5.     Assignment:  NAMED PLAINTIFFS, for themselves and on behalf of the other STATE LAW RELEASING PERSONS and FLSA RELEASING PERSONS, represent and warrant that nothing that would otherwise be released herein has been actually or purportedly assigned, transferred, or hypothecated.  Upon the FINAL EFFECTIVE DATE of this SETTLEMENT AGREEMENT, or upon such earlier date as a SETTLEMENT PAYMENT has been issued to an AUTHORIZED CLAIMANT, all members of the FINAL SETTLEMENT CLASSES shall be deemed to have made this representation and warranty.

## IV.     DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

A.     Seek Preliminary Approval: As soon as practicable after the execution of this SETTLEMENT AGREEMENT, but no later July 30, 2010, CLASS COUNSEL, on behalf of NAMED PLAINTIFFS, the ORIGINAL OPT-IN PLAINTIFFS and all potential members of the SETTLEMENT CLASSES, and LIBERTY shall submit this SETTLEMENT AGREEMENT to

34

the COURT and jointly move for an Order, a copy of which is attached as Exhibit 7 ("PRELIMINARY APPROVAL ORDER"), which shall:

1.       Assert jurisdiction over the claims and PARTIES identified in the LITIGATION and the implementation and administration of this SETTLEMENT AGREEMENT;

2.       Grant preliminary approval of the settlement set forth in this SETTLEMENT AGREEMENT as adequate, fair, and reasonable and in the best interests of all NAMED PLAINTIFFS and potential members of the SETTLEMENT CLASSES;

3.       Conditionally certify the Rule 23 Classes and Section 216(b) Collective Action as defined in this SETTLEMENT AGREEMENT for settlement purposes only;

4.       Appoint Deanna Bredbenner, Paul Gilbert, Belinda Serrano, Carol Connell, William Krumpholz, Corrine Orchin, Leigh Anne Hubbs, and Nicole Reid as representatives of the SETTLEMENT CLASSES;

5.       Approve the CLASS NOTICE, and CLAIM FORMS, copies of which are attached as Exhibits 2 through 5 and authorize the mailing of the CLASS NOTICE and CLAIM FORMS to each respective member of the SETTLEMENT CLASSES, as applicable.

6.       Appoint CLASS COUNSEL as counsel for the SETTLEMENT CLASSES pursuant to Fed. R. Civ. Proc. 23(g);

7.       Appoint Gilardi and Co. LLC or some other claims administrator who is acceptable to the PARTIES as the SETTLEMENT CLAIMS ADMINISTRATOR pursuant to Fed. R. Civ. Proc. 53;

8.    Set a date not longer than sixty (60) days for the execution and return of all CLAIM FORMS, filing of objections or opting out of the settlement consistent with the terms of this SETTLEMENT AGREEMENT; and

9.    Schedule a hearing for the final approval of the SETTLEMENT AGREEMENT and entry of a FINAL ORDER dismissing with prejudice all claims encompassed by this SETTLEMENT AGREEMENT ("FINAL ORDER") in materially the same form as attached as Exhibit 7.

B.    Seek Certification of Settlement Classes:   The PARTIES agree to request the COURT to certify, for settlement purposes only, the following SETTLEMENT CLASSES:

1.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the NEW YORK STATE LAW CLASS, the NEW JERSEY STATE LAW CLASS, the MASSACHUSETTS STATE LAW CLASS, and the MARYLAND STATE LAW CLASS; and

2.    Pursuant to Section 216(b) of the FLSA, the FLSA CLASS.

C.    Opposition to Class Certification:   LIBERTY expressly reserves its right to oppose class certification should the SETTLEMENT AGREEMENT not become final.

D.    Dismissal With Prejudice:   NAMED PLAINTIFFS and Defendant agree that they will stipulate to the dismissal with prejudice of the LITIGATION (including the CONNELL STATE COMPLAINT) on the date upon which a FINAL APPROVAL ORDER is entered by the COURT (i) approving this SETTLEMENT AGREEMENT, (ii) dismissing with prejudice the LITIGATION (excluding the CONNELL STATE COMPLAINT, over which the COURT has no jurisdiction), (iii) permanently enjoining all STATE LAW RELEASING PERSONS from prosecuting against LIBERTY and/or any of the other RELEASED PARTIES any STATE LAW

36

RELEASED CLAIMS that were or could have been asserted by the STATE LAW SETTLEMENT CLASS MEMBERS, including without limitation, any claims related to or rising out of the acts, facts, transactions, occurrences, representations, or omissions alleged in the LITIGATION through the date of the FINAL APPROVAL ORDER, under federal, state and/or local law, and (iv) permanently enjoining all FLSA RELEASING PERSONS from prosecuting against LIBERTY and/or any of the other RELEASED PARTIES any FLSA RELEASED CLAIMS that were or could have been asserted, including without limitation any claims arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the Complaint in this action, up to and including the date of FINAL APPROVAL ORDER, and the FINAL APPROVAL ORDER becomes non-appealable, or, if such order is appealed by a Class Member, the date of the final resolution of any and all appeals approving this SETTLEMENT AGREEMENT and resulting in the implementation of the terms of this SETTLEMENT AGREEMENT and the complete and final dismissal of the LITIGATION with prejudice.

## V.    FINAL SETTLEMENT APPROVAL

As part of this settlement, NAMED PLAINTIFFS shall timely contact the COURT to hold a FINAL APPROVAL HEARING for the purpose of obtaining the FINAL APPROVAL ORDER and entry of judgment granting dismissal of this action with prejudice and permanently enjoining all STATE LAW RELEASING PERSONS from prosecuting against LIBERTY and/or any of the other RELEASED PARTIES any STATE LAW RELEASED CLAIMS that were or could have been asserted by the STATE LAW SETTLEMENT CLASS MEMBERS, including without limitation, any claims related to or rising out of the acts, facts, transactions, occurrences, representations, or omissions alleged in the LITIGATION through the date of the FINAL

37

APPROVAL ORDER, under federal, state and/or local law; and permanently enjoining all FLSA

RELEASING PERSONS from prosecuting against LIBERTY and/or any of the other

RELEASED PARTIES any FLSA RELEASED CLAIMS that were or could have been asserted,

including without limitation any claims arising out of the acts, facts, transactions, occurrences,

representations, or omissions set forth in the Complaint in this action, up to and including the

date of FINAL APPROVAL ORDER, upon satisfaction of all payments and obligations

hereunder.  Except to the extent provided below in Section IX, the PARTIES agree to use their

best efforts to achieve these goals at the FINAL APPROVAL HEARING.  The date of the

FINAL APPROVAL HEARING shall be set by the COURT but in no event shall be scheduled

prior to the required time frame set forth in the Class Action Fairness Act of 2005 and notice of

such shall be provided to members of the SETTLEMENT CLASSES in the CLASS NOTICE,

although such hearing may be continued by the COURT without further notice to members of

the SETTLEMENT CLASSES, other than those who filed proper and timely objections.

<strong>VI.   NOTICE TO SETTLEMENT CLASSES</strong>

A.     Within five (5) business days of service of the COURT'S PRELIMINARY

APPROVAL ORDER or by August 23, 2010, whichever is later, LIBERTY shall provide the

SETTLEMENT CLAIMS ADMINISTRATOR with a listing of each member of the

SETTLEMENT CLASSES containing his or her last known address.  Prior to the sending of

notice to the members of the SETTLEMENT CLASSES, the SETTLEMENT CLAIMS

ADMINISTRATOR shall first attempt to confirm the accuracy of the names and addresses

through the United States Post Office's National Change of Address database and shall mail the

Court-approved CLASS NOTICE and CLAIM FORM to all those individuals who have been identified by LIBERTY's records as included within the SETTLEMENT CLASSES.

B.    The CLASS NOTICE will inform putative members of the SETTLEMENT CLASSES about this SETTLEMENT AGREEMENT and will also advise them of the opportunity to object to or OPT-OUT (or, in the case of the FLSA CLASS, to file consents to join in the settlement) and/or to appear at the FINAL APPROVAL HEARING at which the COURT will determine whether to grant final approval of this SETTLEMENT AGREEMENT. All mailings by the SETTLEMENT CLAIMS ADMINISTRATOR shall be by first class mail. If any notices are returned as undeliverable, the SETTLEMENT CLAIMS ADMINISTRATOR will re-confirm the accuracy of the name and address to which they were sent through the United States Post Office's National Change of Address database, and resend those notices once to those members of the SETTLEMENT CLASSES.

C.    The PARTIES agree that neither NAMED PLAINTIFFS nor ORIGINAL OPT-IN PLAINTIFFS nor CLASS COUNSEL shall initiate any communications with any member of the SETTLEMENT CLASSES; however, CLASS COUNSEL may communicate with the NAMED PLAINTIFFS and ORIGINAL OPT-IN PLAINTIFFS and may respond to inquiries by those other members of the SETTLEMENT CLASSES who contact CLASS COUNSEL.

D.    The SETTLEMENT CLAIMS ADMINISTRATOR shall send a copy of the FINAL APPROVAL ORDER to all AUTHORIZED CLAIMANTS when it mails their SETTLEMENT PAYMENTS.

## VII.    BINDING EFFECT; EXCLUSION, OPT-OUT AND OBJECTION RIGHTS

A.    <u>Right of members of STATE LAW CLASSES to Opt-Out and be Excluded</u>: Any member of the NEW YORK STATE LAW CLASS, the NEW JERSEY STATE LAW CLASS, the MASSACHUSETTS STATE LAW CLASS, or the MARYLAND STATE LAW CLASS may elect to OPT-OUT and be excluded from his/her respective state law class at any time during the OPT-OUT PERIOD.  Members of the SETTLEMENT CLASSES who fall into more than one of the SETTLEMENT CLASSES and elect to be excluded from any of the SETTLEMENT CLASSES will be excluded from each of the entire SETTLEMENT CLASSES. To be effective, any such election must be made in writing; must contain the name, address, telephone number and social security number of the individual requesting exclusion; must be signed by the individual who is electing to be excluded and OPT-OUT; and must be mailed to the SETTLEMENT CLAIMS ADMINISTRATOR so that it is received by the SETTLEMENT CLAIMS ADMINISTRATOR on or before sixty (60) days after the date the CLASS NOTICE and CLAIM FORM was first mailed to members of the SETTLEMENT CLASSES, provided that such period shall be extended by no more than twenty (20) days for those members to whom the SETTLEMENT CLAIMS ADMINISTRATOR mailed the CLASS NOTICE and CLAIM FORM a second time because the United States Postal Service returned the first mailing due to an incorrect address.   Any member of the SETTLEMENT CLASSES who timely requests exclusion and opts out in compliance with these requirements (i) shall not have any rights under this SETTLEMENT AGREEMENT; (ii) shall not be entitled to receive a SETTLEMENT PAYMENT; and (iii) shall not be bound by this SETTLEMENT AGREEMENT, the FINAL APPROVAL ORDER, or the judgment.  NAMED PLAINTIFFS and the ORIGINAL OPT-IN

40

PLAINTIFFS have the right to opt out and exclude themselves from the STATE LAW CLASS of which they are a member but not the FLSA CLASS.

      B.    <u>Binding Effect on members of FINAL SETTLEMENT CLASSES</u>:  Except for those members of the SETTLEMENT CLASSES who exclude themselves in compliance with the procedures set forth above, all members of the NEW YORK STATE LAW CLASS, the NEW JERSEY STATE LAW CLASS, the MASSACHUSETTS STATE LAW CLASS, the MARYLAND STATE LAW CLASS and the FLSA CLASS will be deemed to be members of the FINAL SETTLEMENT CLASSES for all purposes under this SETTLEMENT AGREEMENT; will be bound by the terms and conditions of this SETTLEMENT AGREEMENT, the FINAL APPROVAL ORDER, the judgment, and the releases set forth herein; and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the settlement.

      C.    <u>Right to Object</u>:  Any member of the SETTLEMENT CLASSES may object to this settlement, provided that such objections are made in a writing filed with the SETTLEMENT CLAIMS ADMINISTRATOR and served on counsel for the PARTIES no later than the last day of the OPT-OUT PERIOD.  Such objection shall include the name and address of the objector, a detailed statement of the basis for each objection asserted, the grounds on which such member of the SETTLEMENT CLASSES desires to appear and be heard (if any), and, if the objector is represented by counsel, the name and address of counsel.  No member of the SETTLEMENT CLASSES may be heard at the FINAL APPROVAL HEARING who has not complied with this requirement and any member of the SETTLEMENT CLASSES who fails

to comply with this requirement will be deemed to have waived any right to object and any objection to the settlement.

D.     Right to Receive Settlement Payment: Members of the SETTLEMENT CLASSES must timely sign and file a CLAIM FORM so that it is received by the SETTLEMENT CLAIMS ADMINISTRATOR on or before the BAR DATE.   The SETTLEMENT CLAIMS ADMINISTRATOR'S decision on whether a CLAIM FORM is sufficiently complete and whether it was so completed by the BAR DATE shall be binding on the PARTIES and that member of the SETTLEMENT CLASS.

E.     Revocation of Release: Any of the NAMED PLAINTIFFS who revoke their general release pursuant to the requirements of the Older Workers Benefit Protection Act but fail to exclude themselves in compliance with the procedures set forth above will be deemed to be members of the FINAL SETTLEMENT CLASSES for all purposes under this SETTLEMENT AGREEMENT; will be bound by the terms and conditions of this SETTLEMENT AGREEMENT, the FINAL APPROVAL ORDER, the judgment, and the releases set forth herein; and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the settlement.

## VIII.  SETTLEMENT CLAIMS ADMINISTRATION

A.     Engagement of Settlement Claims Administrator: Within five (5) business days of service of the PRELIMINARY APPROVAL ORDER, LIBERTY shall engage the SETTLEMENT CLAIMS ADMINISTRATOR.  If the PARTIES are unable to agree on a SETTLEMENT ADMINISTRATOR, the PARTIES shall submit their preference to the Court for appointment, which shall not be subject to appeal.   The SETTLEMENT CLAIMS

ADMINISTRATOR'S fees and costs shall be capped at fifty thousand dollars ($50,000), which shall be paid from the MAXIMUM GROSS SETTLEMENT AMOUNT. Should the SETTLEMENT CLAIMS ADMINISTRATOR'S fees and costs exceed fifty thousand dollars ($50,000) for any reason, neither LIBERTY nor any of the other RELEASED PARTIES shall be required pursuant to this SETTLEMENT AGREEMENT to be responsible for paying the excess amount.

B.   Duties of Settlement Claims Administrator:  The SETTLEMENT CLAIMS ADMINISTRATOR shall be responsible for: (i) calculating the INDIVIDUAL ESTIMATED GROSS SETTLEMENT AMOUNTS for all members of the SETTLEMENT CLASSES; (ii) preparing, printing and disseminating to members of the SETTLEMENT CLASSES the CLASS NOTICE and CLAIM FORMS; (iii) preparing, printing and disseminating to AUTHORIZED CLAIMANTS the COURT'S FINAL APPROVAL ORDER; (iv) preparing, monitoring and maintaining a toll-free number and a website to be accessible to members of the SETTLEMENT CLASSES (the website will remain in operation until the OPT-OUT PERIOD has expired and will contain only information to which the PARTIES mutually agree); (v) promptly furnishing to counsel for the PARTIES copies of any requests for exclusion, objections or other written or electronic communications from members of the SETTLEMENT CLASSES which the SETTLEMENT CLAIMS ADMINISTRATOR receives; (vi) receiving, reviewing and determining the adequacy of the CLAIM FORMS submitted by members of the SETTLEMENT CLASSES to determine eligibility for payment; (vii) calculating the PRO RATA ADJUSTMENT FACTOR; (viii) calculating the ADJUSTED GROSS SETTLEMENT AMOUNTS for all AUTHORIZED CLAIMANTS; (ix) determining the SETTLEMENT

43

PAYMENT for each AUTHORIZED CLAIMANT in accordance with this SETTLEMENT AGREEMENT; (x) keeping track of requests for exclusion including maintaining the original mailing envelope in which the request was mailed; (xi) mailing the settlement checks to AUTHORIZED CLAIMANTS; (xii) preparing and mailing SERVICE PAYMENTS and SETTLEMENT PAYMENTS in accordance with this SETTLEMENT AGREEMENT and the COURT'S FINAL APPROVAL ORDER; (xiii) ascertaining current address and addressee information for each CLASS NOTICE and CLAIM FORM returned as undeliverable and the mailing of CLASS NOTICE and CLAIM FORM; (xiv) performing all tax reporting duties required by federal, state or local law and remitting all taxes required by same; (xv) responding to inquiries of members of the SETTLEMENT CLASSES regarding the terms of settlement for that member of the SETTLEMENT CLASSES, including that member's estimated minimum settlement payment, which shall be sixty-four percent (64%) that member's INDIVIDUAL ESTIMATED GROSS SETTLEMENT AMOUNT, and that member's ADJUSTED GROSS SETTLEMENT AMOUNT, and the procedures for filing objections, Requests to be Excluded, and CLAIM FORMS, whether such inquiries were made to SETTLEMENT CLAIMS ADMINISTRATOR or to CLASS COUNSEL; (xvi) apprising counsel for the PARTIES of the activities of the SETTLEMENT CLAIMS ADMINISTRATOR; (xvii) maintaining adequate records of its activities, including the dates of the mailing of CLASS NOTICE(s) and mailing and receipt of CLAIM FORM(S), returned mail and other communications and attempted written or electronic communications with members of the SETTLEMENT CLASSES; (xviii) preparing for LIBERTY and CLASS COUNSEL reports of (1) the INDIVIDUAL ESTIMATED GROSS SETTLEMENT AMOUNT for each member of the SETTLEMENT CLASSES (whose names

shall not be disclosed to CLASS COUNSEL unless they are a NAMED PLAINTIFF or a member of the ORIGINAL OPT-IN PLAINTIFFS) at or around the time of sending the CLASS NOTICE and CLAIM FORM, (2) the estimated minimum settlement payment amount for each member of the SETTLEMENT CLASSES (whose names shall not be disclosed to CLASS COUNSEL unless they are a NAMED PLAINTIFF or a member of the ORIGINAL OPT-IN PLAINTIFFS) that will be communicated in response to any inquiries by such member, which shall be sixty-four percent (64%) of that member's INDIVIDUAL ESTIMATED GROSS SETTLEMENT AMOUNT, (3) the AUTHORIZED CLAIMANTS before submission of the motion for the FINAL APPROVAL ORDER, (4) the AUTHORIZED CLAIMANTS and their ADJUSTED GROSS SETTLEMENT AMOUNTS and the taxes calculated to be withheld from same and to be paid from the MAXIMUM GROSS SETTLEMENT FUND on same shortly after service of the FINAL APPROVAL ORDER, and (5) the SETTLEMENT PAYMENT made to each AUTHORIZED CLAIMANT; (xix) confirming in writing its completion of the administration of the settlement and providing to LIBERTY (with a copy to CLASS COUNSEL) all of the completed CLAIM FORMS and related records upon that completion; (xx) timely responding to communications from the PARTIES or their counsel; and (xxi) such other tasks as the PARTIES mutually agree.

      1.    No later than ten (10) days prior to the FINAL APPROVAL HEARING, the SETTLEMENT CLAIMS ADMINISTRATOR shall certify to CLASS COUNSEL and LIBERTY'S counsel jointly (a) a list of all members of the SETTLEMENT CLASSES who timely filed their CLAIM FORM, (b) a list of all members of the SETTLEMENT CLASSES who filed a timely objection, and (c) the percentage and list of all members of the

SETTLEMENT CLASSES who requested to OPT-OUT of the NEW YORK STATE LAW CLASS, the NEW JERSEY STATE LAW CLASS, the MASSACHUSETTS STATE LAW CLASS, and/or the MARYLAND STATE LAW CLASS at any time during the OPT-OUT PERIOD.  The SETTLEMENT CLAIMS ADMINISTRATOR shall also provide LIBERTY with an updated address list for the members of the SETTLEMENT CLASSES.

   2. Provided that it receives at least ten (10) business days before the FINAL EFFECTIVE DATE a list of all AUTHORIZED CLAIMANTS by name, date of CLAIM FORM submission, and ADJUSTED GROSS SETTLEMENT AMOUNT, along with the total ADJUSTED GROSS SETTLEMENT AMOUNTS for all AUTHORIZED CLAIMANTS combined, LIBERTY will provide to the SETTLEMENT CLAIMS ADMINISTRATOR within five (5) business days of the FINAL EFFECTIVE DATE, funds to mail to all AUTHORIZED CLAIMANTS in the FINAL SETTLEMENT CLASSES who timely filed CLAIM FORMS. The SETTLEMENT CLAIMS ADMINISTRATOR shall mail these funds to the address provided by the AUTHORIZED CLAIMANT on his/her CLAIM FORM or at an updated address provided by the AUTHORIZED CLAIMANT.

   3. AUTHORIZED CLAIMANTS will have one hundred eighty (180) calendar days after settlement checks are mailed out to cash the checks.  If any AUTHORIZED CLAIMANTS do not cash their checks within that 180-day period, their check will be voided. In that event, the SETTLEMENT CLAIMS ADMINISTRATOR will determine whether such amounts will be returned to LIBERTY or escheat to the state.  AUTHORIZED CLAIMANTS who contact CLASS COUNSEL or the SETTLEMENT CLAIMS ADMINISTRATOR within the 180-day period and establish that they have not received and executed their checks to the

satisfaction and rectification of the SETTLEMENT CLAIMS ADMINISTRATOR shall be reissued checks and given an additional thirty (30) days to cash the reissued checks.

        4.     As a condition for payment of any money provided for in this SETTLEMENT AGREEMENT and in consideration thereof, each member of the SETTLEMENT CLASSES (or his or her heirs, agents, and representatives) will be required to execute and deliver a CLAIM FORM, including a release and waiver, in the form attached as Exhibits 2 through 5, which will release LIBERTY and the other RELEASED PARTIES from, and in which each members agrees not to initiate, any legal action against LIBERTY and the other RELEASED PARTIES for any and all claims settled herein as provided in the Exhibits.

        5.     All CLAIM FORMS, and any requests to OPT-OUT of the STATE SETTLEMENT CLASSES at any time during the OPT-OUT PERIOD, shall be filed directly with the SETTLEMENT CLAIMS ADMINISTRATOR at the address indicated on the Form.

        6.     All CLAIM FORMS must be received by the SETTLEMENT CLAIMS ADMINISTRATOR by the BAR DATE.

## IX.    PUBLICITY

    Neither NAMED PLAINTIFFS, nor the FLSA CLASS nor CLASS COUNSEL shall publicize or disclose to any third parties (except their current spouses, attorneys, and/or accountants, for whom they guarantee such information shall be kept confidential) the fact of settlement, the negotiations leading up to, and/or terms of this settlement (whether embodied in this SETTLEMENT AGREEMENT or elsewhere), except that CLASS COUNSEL may post on its website the fact of settlement and the website address and toll-free telephone number that the SETTLEMENT CLAIMS ADMINISTRATOR will make accessible to members of the

SETTLEMENT CLASSES as provided in Section VII.B, in addition to mutually agreed-upon answers to frequently asked questions, which will be the same as that posted by the SETTLEMENT CLAIMS ADMINISTRATOR on the website it creates pursuant to this SETTLEMENT AGREEMENT, and other information upon LIBERTY'S prior approval.

**X.**   **DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL**

A.   CLASS COUNSEL will submit to LIBERTY for approval a proposed FINAL APPROVAL ORDER and judgment no later than December 6, 2010, and to the COURT no later than December 13, 2010, for its review at the FINAL APPROVAL HEARING:

1.   Approving the settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions.

2.   Approving CLASS COUNSEL'S application for an award of attorneys' fees, costs, and expenses.

3.   Certifying the SETTLEMENT CLASSES for purposes of settlement only, including entering into the COURT record as opt-ins to the LITIGATION all persons who timely filed CLAIM FORMS as reflected in the SETTLEMENT CLAIMS ADMINISTRATOR'S report in lieu of filing each person's individual notice of consent.

4.   Dismissing the LITIGATION on the merits and with prejudice and permanently enjoining all members of the STATE LAW CLASSES who do not timely OPT-OUT from their respective STATE LAW CLASS at any time during the OPT-OUT PERIOD from prosecuting against LIBERTY and/or any of the other RELEASED PARTIES any FLSA RELEASED CLAIMS and STATE LAW RELEASED CLAIMS that were or could have been asserted by the members of the STATE LAW CLASSES, including, without limitation, any

48

claims related to or arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the operative complaints in the LITIGATION, through the date of the FINAL APPROVAL ORDER, under state and federal law; and permanently enjoining all FLSA SETTLEMENT CLASS MEMBERS from prosecuting against LIBERTY and/or any of the other RELEASED PARTIES, as defined earlier in this SETTLEMENT AGREEMENT, any FLSA RELEASED CLAIMS that were or could have been asserted by members of the FLSA CLASS, including, without limitation, any claims related to or arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the operative complaints in the LITIGATION, through the date of the FINAL APPROVAL ORDER, upon satisfaction of all payments and obligations hereunder.

## XI.   TERMINATION OF THE SETTLEMENT AGREEMENT

A.   <u>Grounds for Settlement Termination</u>:  In accordance with the procedures specified in Section XI.B, below, this SETTLEMENT AGREEMENT may be terminated on the following grounds:

1.   This SETTLEMENT AGREEMENT shall terminate if the COURT declines to enter the PRELIMINARY APPROVAL ORDER, FINAL APPROVAL ORDER or FINAL JUDGMENT in the form submitted by the PARTIES, or if the settlement as agreed does not become final for any other reason.

2.   If seven and one-half percent (7.5%) or more of the members of the MARYLAND STATE LAW CLASS, the MASSACHUSETTS STATE LAW CLASS, the NEW JERSEY STATE LAW CLASS, or the NEW YORK STATE LAW CLASS exercise their rights to OPT-OUT and be excluded from those respective classes and this SETTLEMENT

AGREEMENT, LIBERTY shall have the right, notwithstanding any other provisions of this SETTLEMENT AGREEMENT, to withdraw from this SETTLEMENT AGREEMENT, whereupon the SETTLEMENT AGREEMENT will be null and void for all purposes and may not be used or introduced in the LITIGATION or any other proceeding of any kind.

B.     Procedures for Termination:   To terminate this SETTLEMENT AGREEMENT on one of the grounds specified above, the terminating Party shall give written notice to the other Party no later than:

1.      Fifteen (15) business days after the COURT acts; or

2.      Fifteen (15) business days after a Notice of Appeal is filed; or

3.      Fifteen (15) business days after Defendant receives notice from the SETTLEMENT CLAIMS ADMINISTRATOR that the requisite number of members of the SETTLEMENT CLASSES timely requested exclusion from the FINAL SETTLEMENT CLASS.

C.     Effect of Termination:   Termination shall have the following effects:

1.      The SETTLEMENT AGREEMENT shall be terminated and shall have no force or effect, and no Party shall be bound by any of its terms;

2.      In the event the settlement is terminated, LIBERTY shall have no obligation to make any payments to any party, class member or attorney, except that it shall pay the SETTLEMENT CLAIMS ADMINISTRATOR for services rendered up to the date the SETTLEMENT CLAIMS ADMINISTRATOR is notified of the termination;

3.      The PRELIMINARY APPROVAL ORDER, FINAL APPROVAL ORDER and FINAL JUDGMENT, including any class certification or other order or judgment made pursuant to this SETTLEMENT AGREEMENT, shall be vacated;

4.      The SETTLEMENT AGREEMENT and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the PARTIES, all of whom shall be restored to their respective positions in the action prior to the settlement;

5.      Neither this SETTLEMENT AGREEMENT, nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the LITIGATION or any other action for any purpose whatsoever.

### XII.   PARTIES' AUTHORITY

The signatories hereby represent that they are fully authorized to enter into this settlement and bind the PARTIES hereto to the terms and conditions hereof.

### XIII.   MUTUAL FULL COOPERATION

The PARTIES agree to fully cooperate with each other to accomplish the terms of the SETTLEMENT AGREEMENT, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of the SETTLEMENT AGREEMENT.  The PARTIES to the SETTLEMENT AGREEMENT shall use their best efforts, including all efforts contemplated by the SETTLEMENT AGREEMENT and any other efforts that may become necessary by order of the COURT, or otherwise, to effectuate the SETTLEMENT AGREEMENT and the terms set forth herein.  As soon as practicable after execution of the SETTLEMENT AGREEMENT, CLASS COUNSEL shall, with the assistance

and cooperation of Defendants and their counsel, take all necessary steps to secure the COURT'S final approval of the SETTLEMENT AGREEMENT.  This includes the following:

- LIBERTY shall provide CLASS COUNSEL on or before July 22, 2010, with this SETTLEMENT AGREEMENT, and the CAFA NOTICE and CLAIM FORMS referenced herein, as well as its proposed changes to the CLASS NOTICE referenced herein that was proposed by CLASS COUNSEL; and

- CLASS COUNSEL shall provide LIBERTY's counsel on or before July 22, 2010, with its draft motion for a PRELIMINARY APPROVAL ORDER and proposed PRELIMINARY APPROVAL ORDER; and

- CLASS COUNSEL and LIBERTY shall subsequently confer reasonably and in good faith to finalize the foregoing documents before CLASS COUNSEL files the joint motion for a PRELIMINARY APPROVAL ORDER and submits on that date the proposed PRELIMINARY APPROVAL ORDER along with a request for a PRELIMINARY APPROVAL HEARING on that motion; and

- Subject to the terms of the PRELIMINARY APPROVAL ORDER, the PARTIES shall arrange for the SETTLEMENT CLAIMS ADMINISTRATOR to send the final, mutually agreed upon CLASS NOTICE and CLAIM FORM to each member of the SETTLEMENT CLASSES, ideally no later than August 30, 2010; and

- CLASS COUNSEL shall arrange for the SETTLEMENT CLAIMS ADMINISTRATOR to prepare the report described above in Section VII.B.1 ninety (90) days after its first mailing of the CLASS NOTICE and CLAIM FORM, ideally no later than November 30, 2010; and

- CLASS COUNSEL shall provide LIBERTY on or before December 6, 2010, with its draft motion for a FINAL APPROVAL ORDER and its proposed FINAL APPROVAL ORDER; and

- CLASS COUNSEL and LIBERTY shall subsequently confer reasonably and in good faith to finalize the motion for a FINAL APPROVAL ORDER before CLASS COUNSEL files it on December 13, 2010, or such other date as agreed upon by the PARTIES, and submits on that date the proposed FINAL APPROVAL ORDER along with a request for a FINAL APPROVAL HEARING to be held on December 17, 2010, or such other date as agreed upon by the PARTIES.

If LIBERTY fails to adhere to its obligations under this timeline and thereby proximately causes a delay in the issuance of the FINAL APPROVAL ORDER, it shall increase the MAXIMUM GROSS SETTLEMENT AMOUNT by seven percent (7%) as simple interest for each day, not to be compounded, it causes such delay.

## XIV.   NOTICES

Unless otherwise provided herein, all notices, demands or other communications given hereunder shall be in writing and deemed to have been given as of the date on which they are mailed electronically to the addresses below or the third business day after mailing by first class delivery via United States Postal Service addressed as follows:

To the Plaintiff Classes:

Michael Sweeney, Esq.
Getman & Sweeney, PLLC
9 Paradies Lane
New Paltz, NY 12561
msweeney@getmansweeney.com

53

To the Defendants:

A. Michael Weber, Esq.
Littler Mendelson, P.C.
900 Third Avenue
New York, NY  10022
mweber@littler.com

## XV.   CONSTRUCTION

The PARTIES hereto agree that the terms and conditions of the SETTLEMENT AGREEMENT are the result of lengthy, intensive, arms-length negotiations among the PARTIES, and that the SETTLEMENT AGREEMENT shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of the SETTLEMENT AGREEMENT.  This SETTLEMENT AGREEMENT shall be interpreted under the laws of the state of New Jersey.

## XVI.   CLASS COUNSEL SIGNATORIES

It is agreed that because the members of the SETTLEMENT CLASSES are so numerous, it is impossible or impractical to have each member of the SETTLEMENT CLASSES execute the SETTLEMENT AGREEMENT.  The CLASS NOTICE will advise all members of the SETTLEMENT CLASSES of the binding nature of the release, and that the release will have the same force and effect as if the SETTLEMENT AGREEMENT were executed by each member of the SETTLEMENT CLASSES.

## XVI.   COUNTERPARTS

The SETTLEMENT AGREEMENT may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an

original, and, when taken together with other signed counterparts, shall constitute one SETTLEMENT AGREEMENT, which shall be binding upon all PARTIES.

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT AGREEMENT as of the date(s) opposite their respective signatures:

| | |
|---|---|
| _____ | Date: _____, 2010 |
| Deanna Bredbenner | |
| _____ | Date: _____, 2010 |
| Paul Gilbert | |
| _____ | Date: _____, 2010 |
| Belinda Serrano | |
| _____ | Date: _____, 2010 |
| Carol Connell | |
| _____ | Date: _____, 2010 |
| William Krumpholz | |
| _____ | Date: _____, 2010 |
| Corrine Orchin | |
| _____ | Date: _____, 2010 |
| Nicole Reid | |
| _____ | Date: _August 9_, 2010 |
| Michael J.D. Sweeney, Esq., as CLASS COUNSEL | |
| _____ | Date: _____, 2010 |
| FC USA Inc., formerly known as Liberty Travel, Inc. | |

_(signature)_                                    Date: 8/10 _____ , 2010
Deanna Bredbenner

_____                          Date: _____ , 2010
Paul Gilbert

_____                          Date: _____ , 2010
Belinda Serrano

_____                          Date: _____ , 2010
Carol Connell

_____                          Date: _____ , 2010
William Krumpholz

_____                          Date: _____ , 2010
Corrine Orchin

_____                          Date: _____ , 2010
Nicole Reid

_____                          Date: _____ , 2010
Michael J.D. Sweeney, Esq., as CLASS COUNSEL

_____                          Date: _____ , 2010
Liberty Travel, Inc.

55

Date: _____, :

_____
Donna Bredbenner,

Date: _August 5, 2010_

_____
Paul Gilbert

Date: _____, :

_____
Belinda Serrano

Date: _____, :

_____
Carol Connell

Date: _____, :

_____
William Krumpholz

Date: _____, :

_____
Corrine Orchin

Date: _____, :

_____
Nicole Reid

Date: _____, :

_____
Michael J.D. Sweeney, Esq., as CLASS COUNSEL

Date: _____, :

_____
Liberty Travel, Inc.

55

_____        Date: _____, 2010
Deanna Bredbenner

_____        Date: _____, 2010
Paul Gilbert

_____        Date: Aug 06 , 2010
Belinda Serrano

_____        Date: _____, 2010
Carol Connell

_____        Date: _____, 2010
William Krumpholz

_____        Date: _____, 2010
Corrine Orchin

_____        Date: _____, 2010
Nicole Reid

_____        Date: _____, 2010
Michael J.D. Sweeney, Esq., as CLASS COUNSEL

_____        Date: _____, 2010
Liberty Travel, Inc.

Firmwide:96708235.1
DRAFT 8/4/10

_____     Date: _____, 2010
Deanna Bredbenner

_____     Date: _____, 2010
Paul Gilbert

_____     Date: _____, 2010
Belinda Serrano

_____     Date: __8/5/10__, 2010
Carol Connell

_____     Date: _____, 2010
William Krumpholz

_____     Date: _____, 2010
Corrine Orchin

_____     Date: _____, 2010
Nicole Reid

_____     Date: _____, 2010
Michael J.D. Sweeney, Esq., as CLASS COUNSEL

_____     Date: _____, 2010
Liberty Travel, Inc.

Firmwi c:9670S235.1
DRAFT 8/4/10

_____     Date: _____, 2010
Deanna Bredbenner

_____     Date: _____, 2010
Paul Gilbert

_____     Date: _____, 2010
Belinda Serrano

_____     Date: _____, 2010
Carol Connell

_____     Date: _____Aug. 5_____, 2010
William Krumpholz

_____     Date: _____, 2010
Corrine Orchin

_____     Date: _____, 2010
Nicole Reid

_____     Date: _____, 2010
Michael J.D. Sweeney, Esq., as CLASS COUNSEL

_____     Date: _____, 2010
Liberty Travel, Inc.

55

845-255-8640

_____          Date: _____, 2010
Deanna Bredbenner

_____          Date: _____, 2010
Paul Gilbert

_____          Date: _____, 2010
Belinda Serrano

_____          Date: _____, 2010
Carol Connell

_____          Date: _____, 2010
William Krumpholz

_Corinne Orchin (signature)_          Date: ___8 / 5 /___, 2010
Corrine Orchin

_____          Date: _____, 2010
Nicole Reid

_____          Date: _____, 2010
Michael J.D. Sweeney, Esq., as CLASS COUNSEL

_____          Date: _____, 2010
Liberty Travel, Inc.

Firmwide:96708235.1
DRAFT 8/4/10

_____         Date: _____, 2010
Deanna Bredbenner

_____         Date: _____, 2010
Paul Gilbert

_____         Date: _____, 2010
Belinda Serrano

_____         Date: _____, 2010
Carol Connell

_____         Date: _____, 2010
William Krumpholz

_____         Date: _____, 2010
Corrine Orchin

_____         Date: 8/5 th. ____, 2010
Nicole Reid

_____         Date: _____, 2010
Michael J.D. Sweeney, Esq., as CLASS COUNSEL

_____         Date: _____, 2010
Liberty Travel, Inc.

55

| | |
|---|---|
| _____ | Date: _____, 2010 |
| Deanna Bredbenner | |
| _____ | Date: _____, 2010 |
| Paul Gilbert | |
| _____ | Date: _____, 2010 |
| Belinda Serrano | |
| _____ | Date: _____, 2010 |
| Carol Connell | |
| _____ | Date: _____, 2010 |
| William Krumpholz | |
| _____ | Date: _____, 2010 |
| Corrine Orchin | |
| _____ | Date: _____, 2010 |
| Nicole Reid | |
| _____ | Date: _____, 2010 |
| Michael J.D. Sweeney, Esq., as CLASS COUNSEL | |
| _____ | Date: _____, 2010 |
| Liberty Travel, Inc. | |

*Leigh A. Hubbs*
Leigh Anne Hubbs

*August 6*, 2010

55

Firmwide:96708235.1
DRAFT 8/4/10

original, and, when taken together with other signed counterparts, shall constitute one SETTLEMENT AGREEMENT, which shall be binding upon all PARTIES.

   IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT AGREEMENT as of the date(s) opposite their respective signatures:


_____          Date: _____, 2010
Deanna Bredbenner

_____          Date: _____, 2010
Paul Gilbert

_____          Date: _____, 2010
Belinda Serrano

_____          Date: _____, 2010
Carol Connell

_____          Date: _____, 2010
William Krumpholz

_____          Date: _____, 2010
Corrine Orchin

_____          Date: _____, 2010
Nicole Reid

_____          Date: _____, 2010
Michael J.D. Sweeney, Esq., as CLASS COUNSEL

_____          Date: 8 / 6 / _____, 2010
FC USA Inc., formerly known as Liberty Travel, Inc.

55