# EXHIBIT A

**This Notice is sent to you by Order of the Honorable Mark Falk,
Magistrate Judge for the United States District Court, District of New Jersey.**

**READ THIS NOTICE CAREFULLY. IT CONTAINS IMPORTANT INFORMATION
ABOUT YOUR RIGHTS.**

The Honorable Mark Falk, Magistrate Judge for the United States District Court, District of New Jersey, has preliminarily approved a proposed settlement ("Settlement") of four lawsuits brought against Liberty Travel, Inc. and other defendants ("Litigation"). The Settlement provides for certain former and current Liberty Travel employees to receive a portion of a $3 million fund ("Settlement Fund"). Judge Falk will conduct a hearing to determine if the Settlement should be finally approved ("Fairness Hearing").

This Notice should not be understood as an opinion as to the merits of any of the claims in the Litigation. Liberty Travel, Inc. and the other defendants vigorously deny the allegations in the Litigation and state that they did not violate the law and that they have no liability for any claims raised in the Litigation.

You may be eligible to participate in the Settlement. This Notice explains the nature of the Litigation and the Settlement and informs you of your rights and obligations.

**IMPORTANT DEADLINES**

**TO RECEIVE YOUR PORTION OF THE SETTLEMENT FUND, you should mail the enclosed Claim Form and Release to the claims administrator, Gilardi & Co. LLC, by February 1, 2011 as instructed in the Claim Form.** If the Settlement is approved at the Fairness Hearing and you submit a Claim Form, a check for your portion of the Settlement Fund will be mailed to you at the address set forth in the Claim Form. By submitting the Claim Form and Release, you are agreeing to be bound by the Settlement and you are releasing Federal and state wage and hour and related claims, as more fully described in this Notice and the attached Release.

**TO OBJECT TO THE SETTLEMENT,** you must mail a written, signed statement to Gilardi & Co., LLC by February 1, 2011 indicating that you are objecting to the Settlement. Your rights and obligations to object to the Settlement are more fully described below in this Notice.

**TO BE EXCLUDED OR "OPT-OUT" OF THE SETTLEMENT,** you must mail a written, signed statement to Gilardi & Co., LLC by February 1, 2011 indicating that you want to be excluded from, or "opt-out" of, the Settlement. If you "opt-out" of the Settlement you will not receive any portion of the Settlement Fund, you will not be bound by the Settlement, and you cannot object to the Settlement.

**For assistance completing the enclosed Claim Form and Release, or related matters, contact the Claims Administrator, or Class Counsel.**

**FREQUENTLY ASKED QUESTIONS**

1. **What Is The Purpose Of This Notice?**

The purpose of this Notice is to explain the Litigation and inform you of your rights in the proposed Settlement of the Litigation, including:

  · How to receive your portion of the Settlement Fund, and be bound by the Settlement;

  · Your right to file objections to the Settlement and be heard at the Fairness Hearing; and

  · Your right to be excluded from, or "opt-out" of, the Settlement, and not be bound by the Settlement.

2. **What Is The Litigation About?**

The Litigation refers to four separate lawsuits against Liberty Travel, Inc. and other defendants that have been joined for purposes of settlement (the "Litigation").

The first lawsuit was commenced on February 27, 2009, by Deanna Bredbenner, Paul Gilbert, and Belinda Serrano in the U.S. District Court for the District of New Jersey alleging violations of the federal Fair Labor Standards Act

("FLSA") ("Bredbenner Case"). Bredbenner, Gilbert, and Serrano were formerly employed with Liberty Travel as full-time Travel Agents. The Bredbenner Case is a "collective action," which means the named parties bringing the claims ("Named Plaintiffs") seek relief on their own behalf and for similarly situated persons. Named Plaintiffs seek recovery of unpaid wages and overtime wages and attorneys' fees and costs, among other things. Liberty Travel has vigorously denied their claims and any wrongdoing.

The second lawsuit was commenced on March 19, 2009, by Named Plaintiffs Carol Connell, William Krumpholz, Corrine Orchin, and Nicole Reid in the U.S. District Court for the District of New Jersey alleging violations of the FLSA and Maryland, Massachusetts and New York wage/hour laws ("Connell Case"). Named Plaintiffs were formerly employed with Liberty Travel as a full-time Travel Agent. The Connell Case is a collective action and a "class action," which means Named Plaintiffs seek relief on their own behalf and for similarly situated persons employed by Liberty Travel as full-time travel agents in Maryland, Massachusetts, and New York. Named Plaintiffs seek recovery of unpaid wages and overtime wages and attorneys' fees and costs, among other things. Liberty Travel and the other defendants have vigorously denied their claims and any wrongdoing.

The third lawsuit was commenced on September 4, 2009, by Named Plaintiff Leigh Anne Hubbs in the U.S. District Court for the District of New Jersey alleging violations of the FLSA and New Jersey wage/hour law ("Hubbs Case"). Named Plaintiff was formerly employed with Liberty Travel as a full-time Travel Agent. The Hubbs Case is a collective action and a "class action," which means Named Plaintiff seeks relief on her own behalf and for similarly situated persons employed by Liberty Travel as full-time travel agents in New Jersey. Named Plaintiff seeks recovery of unpaid wages and overtime wages and attorneys' fees and costs, among other things. Liberty Travel and the other defendants have vigorously denied her claims and any wrongdoing. The Court consolidated the Hubbs and Connell Cases into a single action on March 26, 2010.

The fourth lawsuit was commenced in the New Jersey Superior Court for Bergen County on June 17, 2009, by Named Plaintiffs Carol Connell, William Krumpholz, Corrine Orchin, and Nicole Reid who filed a collective action and "class action" on behalf of other individuals similarly situated in Maryland, Massachusetts, and New York ("Connell II Case"). The Connell II Case made the same allegations as the Connell Case. Liberty Travel and the other defendants have vigorously denied their claims and any wrongdoing.

After extensive litigation, including investigation, written discovery, and depositions, Liberty Travel and the other defendants and Named Plaintiffs, through their attorneys, agreed to combine the three federal cases in the Bredbenner Case for purposes of reaching a settlement. If the parties consummate the settlement, that settlement will resolve the claims in the Connell II Case too, and it will be dismissed with prejudice.

Liberty Travel and the other defendants vigorously deny the allegations in the Litigation and state that they did not violate the law and that they have no liability for any claims raised in the Litigation. Liberty Travel and the other defendants continue to deny any wrongdoing with respect to the claims asserted in the Litigation. Liberty Travel has agreed to the terms of the Settlement solely to avoid further expense and disruption of its business due to the pendency of the Litigation. The Settlement was reached in July 2010, and was submitted to the Court for preliminary approval on August 9, 2010. The Court granted preliminary approval on November 19, 2010, and has scheduled the Fairness Hearing to take place to determine if final approval of the Settlement should be granted.

## 3.  Who Will Be Included In The Settlement?

If the Settlement receives final approval from the Court, it will include Named Plaintiffs, persons who consented to join the Litigation, as well as persons who worked for Liberty Travel as full-time Travel Agents in the states of Maryland, Massachusetts, New Jersey, and New York (collectively "Settlement Class").

## 4.  Who Is Class Counsel?

The Court has preliminarily approved the appointment of Getman & Sweeney, PLLC to represent the Settlement Class ("Class Counsel"). These lawyers are experienced in handling similar cases against other employers. If you have any questions, Class Counsel's contact information is:

> Michael J.D. Sweeney,
> Getman & Sweeney, PLLC,
> 9 Paradies Lane, New Paltz, NY 12561,
> Telephone: (845) 255-9370,
> Fax: (845) 255-8649,
> e-mail: kweiss@getmansweeney.com

2

**5.    What Are The Benefits And Terms Of The Proposed Settlement?**

The benefit of the Settlement is that you will be eligible to receive a portion of the Settlement Fund, less certain deductions described below, based on a formula approved by the Court. You can receive this portion of the Settlement Fund without additional litigation expense, burden, or uncertainty.

If the Court grants final approval of the Settlement, the Litigation will be dismissed with prejudice. If you have not opted-out, you will be bound by the Settlement, you will be eligible to receive a portion of the Settlement Fund, and you will fully release and discharge Liberty Travel and the other defendants from all Federal and state wage and hour and related claims through the date of the Court's final approval. The exact terms of the Release are set forth in the attached Claim Form and Release.

**a.    How can I participate in the Settlement?**

To participate in the settlement, you, or someone with a legal right to act on your behalf, must timely complete and mail the enclosed Claim Form and Release according to instructions provided in the form by February 1, 2011, in the enclosed postage-prepaid envelope.

**IMPORTANT NOTE:** If you do not timely complete and mail the enclosed Claim Form and Release according to instructions provided in the form by February 1, 2011, you will not be eligible to receive any money in the Settlement.

If you opt-out of the Settlement, you should not submit a Claim Form and Release, and you will not be eligible to receive a portion of the Settlement Fund.

**b.    How will my portion be calculated if I participate?**

The following deductions will be made from the Settlement Fund prior to calculating your portion:

- **Payments to Named Plaintiffs:** If the Court approves such payments, the eight (8) Named Plaintiffs will receive Ten Thousand and No/100ths Dollars ($10,000.00) each (for a total of $80,000.00) as "Service Payments." These Service Payments are made because Named Plaintiffs provided service to the Settlement Class by helping Class Counsel to formulate claims, providing declarations or deposition testimony and documents, and more. The Service Payments are separate from, and in addition to, the portion of the Settlement Fund that these Named Plaintiffs may receive as members of the Settlement Class.

- **Attorneys' Fees, Costs and Expenses:** Class Counsel will apply to the Court for attorneys' fees, costs and expenses in the amount of 33% of the Settlement Fund for the service they provided and out-of-pocket expenses they incurred in the Litigation. This amount will be requested based on the work Class Counsel performed in the Litigation, the risk Class Counsel took in bringing the Litigation, and the Settlement. Class Counsel has conducted extensive investigation and prosecution of this case, including, but not limited to, interviewing employees, reviewing thousands of documents, deposing a corporate representative, reviewing and analyzing payroll data, negotiating a stipulation of facts, bringing motions, participating in days of negotiations of the Settlement terms.

The remaining amount ("Net Settlement Fund") will be distributed based upon a formula set forth in the Stipulated Settlement and Release, which is on file with the Court in Bredbenner v. Liberty Travel, Inc., Case No. 2:09-cv-905 (WJM) (MF), United States District Court for the District of New Jersey. The formula is based on payroll records provided by Liberty Travel. In calculating your overtime recovery, the formula takes into account various factors including, but not limited to, the number of hours you worked in a given week, your rate of pay, any overtime wages you received, the state in which you worked, the relevant statutes of limitation applicable to your claims, and the relative strengths of Liberty's defenses at various time periods. Your portion of the Settlement Fund will be subject to income taxes. Under the terms of the Settlement, one-half of the portion of the Settlement Fund you receive will be treated as non-wage income, and one-half will be treated as wage income, from which wage-related taxes and required withholdings will be deducted.

The portion of the Settlement Fund you receive may also be affected by the Court's rulings on issues such as service payments, costs, and attorneys' fees. Accordingly, your portion of the Settlement Fund cannot be precisely determined at this time.

**6.     When Is The Fairness Hearing To Approve The Settlement?**

The Court has preliminarily concluded that the Settlement is fair, adequate, and reasonable and that the proposed distribution of the Settlement Fund amount is fair, adequate, and reasonable.

A Fairness Hearing will be held to determine whether final approval of the Settlement should be granted. At the Fairness Hearing, the Court will hear timely objections, if any. The hearing will take place before Magistrate Judge Falk on March 14, 2011 at 10:00 a.m. or as soon thereafter as practicable, in the United States District Court for the District of New Jersey, U.S. Post Office and Courthouse, 1 Federal Square, Fourth Floor, Room 457, Newark, New Jersey, 07101, Court Room 20C. The Court will also consider Class Counsel's application for fees and costs and the Service Awards. The time and date of this hearing may be continued or adjourned, so please contact Class Counsel prior to the date of the hearing if you plan to attend. YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING. YOU MAY ATTEND THE HEARING IF YOU PLAN TO OBJECT TO THE SETTLEMENT.

**7.     How Can I Object To The Proposed Settlement?**

If you want to object to the Settlement, you must submit a written statement of the objection to Gilardi & Co. LLC via First Class United States Mail postage prepaid at the address below. Your objection will not be heard unless it is mailed and postmarked by February 1, 2011. If you wish to present your objection at the Fairness Hearing, you must state your intention to do so in your written objection, and provide a description of all reasons that you object to the Settlement. You will not be allowed to present reasons for your objection at the Fairness Hearing that you did not describe in your written objection.

Liberty Travel Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8090
San Rafael CA 94912-8090
Toll Free: 1-888-289-6132

**8.     How Can I Opt-Out Of The Settlement?**

You have the right to exclude yourself from the Settlement. If you choose to exclude yourself from, or "opt-out" of, the Settlement, you will not be bound by the Settlement, but you will not be eligible to receive a portion of the Settlement Fund. If you exclude yourself from, or opt-out of, the Settlement, you will not be allowed to object to the Settlement as described in paragraph 7 above.

If you intend to opt-out, you must mail a written, signed statement to Gilardi & Co. LLC stating that you are opting out of the Settlement ("Opt-out Statement"). The Opt-out Statement must be mailed and postmarked to Gilardi & Co. LLC via First Class United States Mail, postage prepaid, by February 1, 2011.

**9.     What If I Have More Questions?**

If you have questions about this Notice, or want additional information, you can contact Gilardi & Co. LLC or Class Counsel. You should not contact the Court, Liberty Travel or the other defendants, or their counsel.

December 3, 2010

<<FNAME>> <<LNAME>>

# CLAIM FORM FOR ORIGINAL OPT-INS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEANNA BREDBENNER, PAUL GILBERT, and BELINDA SERRANO, both individually and behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY TRAVEL, INC.,<br>Defendant. | 09-cv-905 (WJM) (MF) |
| CAROL CONNELL, WILLIAM KRUMPHOLZ, CORRINE ORCHIN, NICOLE REID and LEIGH ANNE HUBBS, both individually and behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY TRAVEL, INC., FLIGHT CENTRE USA, INC., GILBERT HAROCHE, AND MICHELLE KASSNER<br>Defendants. | 09-cv-1248 (WJM) (MF)<br>09-cv-4587 (WJM) (MF) |

## CLAIM, WAIVER, RELEASE, and CONFIDENTIALITY FORM

**INSTRUCTIONS: 1.)** Verify Identifying Information, Sign the Claim, Waiver, Release, and Confidentiality Form below; 2.) Sign the Substitute I.R.S. W-9 Form below; and 3.) Mail the Claim, Waiver, Release and Confidentiality Form and Substitute W-9 Form to the Claims Administrator, Gilardi & Co. LLC, at P.O. Box 8060 San Rafael CA 94912-8060, Telephone 1-888-289-6132 no later than February 1, 2011.

**IMPORTANT:** If the Court approves the Settlement, and you return this Claim Form and Release as instructed, a check for your portion of the Settlement Fund, minus legally required taxes and withholdings, will be mailed to the address below after the Fairness Hearing. You must advise the Claims Administrator of your current address.

You will not receive any money in this settlement unless you return this Claims Form and Release as instructed.

The portion of the Settlement Fund you will receive will be affected by the Court's rulings regarding service payments and attorneys' fees and costs. Accordingly, your portion of the Settlement Fund cannot be precisely determined at this time. If the Court approves all aspects of the settlement, your portion of the Settlement Fund will be based on a formula that takes into account the number of hours you worked in a given week, your rate of pay, any overtime wages you received, the state in which you worked, the relevant statutes of limitation applicable to your claims, and the relative strengths of Liberty's defenses, from which pro-rated attorneys' fees and other costs and amounts will be deducted.

## I.    WAIVER AND RELEASE

1) My signature below constitutes a full and complete release of FC USA, Inc. formerly known as Liberty Travel, Inc. ("LIBERTY") and its past, present, and future parents, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliates and related entities (including, but not limited to, Flight Centre Ltd. and Flight Centre USA, Inc.), its and their past, present and future owners (including, but not limited to, Gilbert Haroche and Michell Kassner), shareholders, insurers, reinsurers and assigns, and each of its and their past, present and future officers, shareholders, owners, directors, trustees, agents, employees, attorneys, representatives, and any benefits plans sponsored or administered by LIBERTY, and any other persons or entities acting on their behalf (together with LIBERTY, the "Released Persons"), from any and all wage-related claims and employee benefits claims related to those wage claims, demands, rights, liabilities, expenses, and losses of any kind, that I have, had, might have or might have had against any of the Released Persons based on any act or

omission that occurred at any time up to and including the date of the Court's Final Approval of the settlement of the above-captioned actions ("Litigation") that are in any way related to any aspect of their employment with LIBERTY or of the facts or claims alleged in the Litigation or by reason of the negotiations leading to its settlement, even if presently unknown and/or unasserted. This release includes any and all wage-related claims and employee benefits claims relative to those wage claims under federal, state or local statute(s) (including, but not limited to, the statutes referenced below), ordinance, regulation, contract (express or implied), constitutional provision or common law based on any act or omission that occurred up to and including the date of the of the Court's Final Approval of the settlement of the Litigation (i) for alleged failure to pay wages for all hours worked and/or any overtime compensation, (ii) for any form of employment benefits, and (iii) that LIBERTY or any of the other Released Persons retaliated against me or any other full-time travel agent for complaining about my or their wages or for asserting wage-related claims. The statutes include, but are not limited to, the following:

the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the Employee Retirement Income Security Act, 29 U.S.C. §§ 1101 et seq.; Maryland Code Ann. §§ 3-401 et seq., 3-501, et seq.; Massachusetts Gen. Laws c. 151 §§ 1A et seq. and 455 C.M.R. §§ 2.01 et seq.; New Jersey Stat. Ann. 34:11-56a et seq.; N.Y. Lab. Law §§ 650 et seq., 12 N.Y.C.R.R. 142-1.1 et seq.; California Lab. Code §§ 201-204, 212, 221 et seq., 226, 226.7, 400 et seq., 510 et seq., 512, 558, 1194, 2699 et seq., and 2802; Wage Orders of the Industrial Welfare Commission ("IWC") Wage Orders (8 Cal. Code Regs. § 11010 et seq.); California Bus. & Prof. Code § 17200 and Code of Civ. Proc. §§ 1021.5 and 1542; the California Private Attorney General Act; Florida Statute § 448.08, the Florida Minimum Wage law, Florida Constitution, Art. X, § 24; Georgia Code, §§ 34-4-6 et seq.; New Mexico Stat. Ann., N.M.S.A. §§ 50-4-01 et seq. and N.M. Admin Code tit. 11, § 1.4.7(I) et seq.; North Carolina General Statute §§ 95-24; South Carolina Code §§ 41-10-10 et seq.; Virginia Code Ann. §§ 40.1-28.8; 43 Pennsylvania Stat. §§ 260.1 et seq. and 333.101 et seq.; Alaska Stat. §§ 23.10.050 et seq.; Arkansas C.A. §§ 11-4-201 et seq., Colorado Rev. Stat. §§ 8-6-101 et seq. and Colorado Wage Order No. 22, 7 C.C.R. 1103-1, C.C.H. 6-41, 801 et seq.; Connecticut Gen. Stat. §§ 31-58 et seq. and Connecticut Agency Regulation § 31-60-10(a); Delaware Wage Payment and Collection Act, 19 Del. C. § 1113 et seq.; District of Columbia Code §§ 32-1001 et seq.; Hawaii Rev. Stat. §§ 387 et seq.; Idaho I.C.A. §§ 44-1201 et seq.; 820 Illinois L.C.S. §§ 10511 et seq. and 56 Ill. Admin. Code § 210.100; Indiana Code §§ 22-2-2-1 et seq.; Iowa C.A §§ 91A.1 et seq.; Kansas Stat. Ann. §§ 44-1201 et seq.; Kentucky Rev. Stat. §§ 337 et seq. and 803 Ky. Admin. Regs. 1:005 et seq.; Maine Rev. Stat. Ann. §§ 661 et seq.; Michigan C.L. §§ 408.381 et seq.; Minnesota Stat. §§ 177.21 et seq.; Montana C.A. §§ 39-2-101 et seq. and 39-4- 101 et seq. and Mont. Admin. R. 24.16. 1001 et seq.; Nebraska Rev. Stat, § 48-1228 et seq.; Nevada Rev. Stat. § 608.005 et seq.; New Hampshire Rev. Stat. Ann. § 279:1 et seq.; North Dakota C.C. §§ 34-06-01 et seq. and N.D. Admin. Code §§ 46-02-07 et seq.; Ohio R.C. §§ 4111.01 et seq.; 40 Okl. St. Ann §§ 165.1 et seq.; Oregon Rev. Stat. § 651.010 et seq. and Oregon Administrative Rules, O.A.S. 839-020-0030, 0080 et seq.; Puerto Rico Working Hours and Days Laws, 29 L.P.R.A. §§ 271 et seq.; Rhode Island Gen. Law §§ 28-12-1 et seq.; South Carolina Code, § 41-10-10 et seq.; South Dakota Consol. Laws § 60-1-1 et seq.; 21 Vermont Stat. Ann. §§ 341 et seq.; Washington Minimum Wage Act, R.C.W. 49.46.005 et seq. and Washington Minimum Wage Rules, WAC 296-126 et seq.; W. Va. Code § 25-5C-1 et seq.; Wisconsin Stat. §§ 103.01 et seq. and Wis. Admin. Code, §§ 272.01 et seq. and 274.01 et seq.; and Wyoming Stat. 1977 §§ 27-4-201 et seq. and §§ 27-4-501 et seq.

My signature below also constitutes a full and complete release of the Released Persons to make any payment to any person, attorney or law firm for attorneys' fees, expenses or costs incurred on my behalf and shall relieve the Released Persons from any and all of the types of claims, demands, rights, liabilities, expenses, and losses described above that I and my heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, representatives, agents, successors-in-interest, and assigns have, had, might have or might have had against any of the Released Persons based on any act or omission that occurred at any time through and including the date of the Court's final approval of the settlement of the Litigation, in any way related to any of the facts or claims alleged in the Litigation (as defined above) or by reason of the negotiations leading to the settlement of the Litigation, even if presently unknown and/or unasserted.

I further covenant and agree not to accept, recover or receive any back pay, liquidated damages, or other damages or any other form of relief based on any claims asserted or settled in this Litigation that arises from, or in connection with, any other individual, class, or any administrative remedies pursued by any person or federal, state or local governmental agency against any of the Released Persons.

2)   **WAIVER OF CALIFORNIA CIVIL CODE SECTION 1542:**

I acknowledge that I may have claims related to the released claims above that are presently unknown and that the release contained in this form is intended to and will fully, finally, and forever discharge even such claims, whether now asserted or unasserted, known or unknown, to the extent they fall within the description of claims being released above. I understand and agree to waive the provisions of, and relinquish all rights and benefits afforded by, California Civil Code section 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

I also waive any and all provisions, rights and benefits conferred by any law of the United States, or any state or territory of the United States, or principle of common law that is similar, comparable or equivalent to Section 1542 of the California Civil Code. If I may hereafter discover facts in addition to or different from those which I now know or believe to be true, I agree that I shall be deemed to have forever settled and released any and all claims as described in this section, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, that now exist or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. I shall be deemed to have given this release upon my signature below.

3)    Should the release described in Section I above be ruled unenforceable for any reason, I agree to execute a valid release of equal scope.

## II.    CONFIDENTIALITY

I acknowledge and agree that neither I nor anyone acting on my behalf has since July 16, 2010, disclosed or will disclose the existence or any terms of the settlement of the Litigation or the negotiations leading up to that Settlement to any person or entity, including, but not limited to, any representative of the media, Internet web page, "blog," or "chat room," business entity, or association, except: (i) my spouse; (ii) my attorneys, accountants or financial advisors; or (ii) any court or government agency pursuant to an official request by such government agency, court order, or legally enforceable subpoena. By signing and returning this Claim Form, I agree that nothing in this Claim Form prohibits me from providing truthful disclosures to an appropriate government agency related to alleged violations of law. If I am contacted, served, or learn that I will be served with a subpoena to compel my testimony or the production of documents concerning this Claim Form or the facts, claims, and/or terms of settlement in the Litigation, I agree to immediately notify Daniella Bonanno at 69 Spring Street, Ramsey, NJ 07446 or her successor, in writing within seven (7) calendar days. If I make a disclosure pursuant to sub-clauses (i) or (ii) above, I will inform such person or entity of this confidentiality provision, and his or her obligation to maintain the same level of confidentiality required by this confidentiality provision. Any breach of this confidentiality provision by such person or entity will be considered a breach by me. I may not use this Claim Form as evidence, except in a proceeding in which a breach of this Claim Form is alleged. I acknowledge that the Company would be irreparably injured by a violation by me. Any breach of this confidentiality provision will subject me to potential liability, including, but not limited to, the liquidated damages set forth below.

(1)    Liquidated Damages. Due to the difficulty ascertaining the full damages that would be caused thereby, I agree that in the event of any breach by me of this confidentiality provision I will immediately pay LIBERTY one hundred percent (100%) of any amount of the Settlement Fund I receive as a result of the Settlement of this Litigation.

(2)    Injunctive Relief. I further agree that in the event of any such breach or threatened breach of this confidentiality provision, LIBERTY shall, in addition to any other remedies available to it, be entitled to: (i) a temporary restraining order and/or preliminary and/or permanent injunction, or other equivalent relief, restraining me from any actual or threatened breach.

This Claim, Waiver, Release, and Consent to Join Form was executed on:

_____ , _____ , in _____ , _____
   Month        Day       Year              City         State

_____
              Signature

_____
         Printed Name

NOTICE: As detailed in Paragraph II to Claim Form above, if I sign this Claim Form I acknowledge and agree that neither me nor anyone acting on my behalf will make any disclosures concerning the existence or terms of this Claim Form or the facts, claims, and/or terms of settlement in this case, except as provided in this Claim Form.

**Substitute W-9 Form**
**Taxpayer Identification Number Certification**

Enter your Social Security Number: ___ ___ ___ — ___ ___ — ___ ___ ___ ___

Print name and address as shown on your income tax return:

First Name: _____   Last Name: _____

Address: _____

City: _____   State: _____   Zip: _____

Under penalties of perjury, I certify that:

1. The taxpayer identification number shown on this form is my correct taxpayer identification number, **and**

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3. I am a U.S. person (including a U.S. resident alien). Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

_____   _____
Signature of U.S. Person                         Dated

<<FNAME>> <<LNAME>>

# CLAIM, WAIVER, RELEASE, CONSENT TO JOIN, and SUBSTITUTE W-9 FORM

**INSTRUCTIONS:** 1.) Verify Identifying Information, Sign the Claim, Waiver, Release, and Confidentiality Form below. 2.) Sign the Substitute I.R.S. W-9 Form below; and 3.) Mail the Claim, Waiver, Release, and Confidentiality Form and Substitute W-9 Form to the Claims Administrator, Gilardi & Co. LLC, at P.O. Box 8060 San Rafael CA 94912-8060, Telephone: 1-888-289-6132 no later than February 1, 2011.

**IMPORTANT:** If the Court approves the Settlement, and you return this Claim Form and Release as instructed, a check for your portion of the Settlement Fund, minus legally required taxes and withholdings, will be mailed to the address below after the Fairness Hearing. You must advise the Claims Administrator of your current address.

You will not receive any money in this settlement unless you return this Claims Form and Release as instructed.

The portion of the Settlement Fund you will receive will be affected by the Court's rulings regarding service payments and attorneys' fees and costs. Accordingly, your portion of the Settlement Fund cannot be precisely determined at this time. If the Court approves all aspects of the settlement, your portion of the Settlement Fund will be based on a formula that takes into account the number of hours you worked in a given week, your rate of pay, any overtime wages you received, the state in which you worked, the relevant statutes of limitation applicable to your claims, and the relative strengths of Liberty's defenses, from which pro-rated attorneys' fees and other costs and amounts will be deducted.

## VERIFICATION OF IDENTIFYING INFORMATION

I verify that I was employed as a full-time Travel Agent for Liberty Travel, Inc.:

- in Maryland between March 19, 2006, and August 31, 2008; and/or
- in Massachusetts between March 19, 2007, and August 31, 2008; and/or
- in New Jersey between September 4, 2007, and August 31, 2008; and/or
- in New York between March 19, 2003, and August 31, 2008.

I verify that the information provided by me on this Claim Form is true and correct to the best of my knowledge.

Name: _____   _____   _____
      First                            Middle                          Last

Former Names (if any were used while employed with Liberty Travel) _____

Street Address _____

City: _____   State: _____   Zip: _____

Signature: _____   Dated: _____

<<FName>> <<LName>>  <<Barcode>>  <<Claim7>>

# CONSENT

I hereby consent and agree to join the lawsuit entitled, *Connell v. Liberty Travel, Inc., et al.*, Court File Nos. 09-cv-1248 (WJM)(MF); 09-cv-4587 (WJM)(MF), to participate in the settlement agreement entered in the Litigation and preliminarily approved by the Court.. I also consent and agree to be bound by any adjudication of this action by the Court. I hereby designate Michael J.D. Sweeney of Getman & Sweeney, PLLC to represent me in this action.

Signature: _____   Dated: _____

# RELEASE

I submit this Claim Form under the terms of the proposed Stipulation and Settlement Agreement ("Settlement Agreement") referenced in the Order of Preliminary Approval. I also submit to the jurisdiction of the United States District Court for the District of New Jersey with respect to my claim as a Settlement Class Member and for purposes of enforcing the release of claims set forth below and in the Settlement Agreement. The full and precise terms of the proposed Settlement Agreement are on file with the Court. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in this class action and that I will be barred from bringing suit for any of the Released Claims by an injunction.

"Released Claims" means all wage-related claims and employee benefits claims related to those wage claims, demands, rights, liabilities, expenses, and losses of any kind, that I have, had, might have or might have had against any of the Released Parties (defined below) based on, related to or arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the operative complaints in the Litigation or any other act or omission that occurred at any time up to and including the date of the court's final approval of the settlement of the Litigation, in any way related to any aspect of my employment with Liberty, the Litigation, or the negotiations leading to the settlement of the Litigation, even if presently unknown and/or unasserted. This release includes any and all claims under state, federal or local statute(s) or common law for alleged failure to pay me for all hours worked and/or any overtime compensation through the date of the Court's final approval the settlement, including, but not limited to, those claims under any and all of the following:

The Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the Employee Retirement Income Security Act, 29 U.S.C. §§ 1101 et seq.; Maryland Code Ann. §§ 3-401 et seq., 3-501, et seq.; Massachusetts Gen. Laws c. 151 §§ 1A et seq. and 455 C.M.R. §§ 2.01 et seq.; New Jersey Stat. Ann. 34:11-56a et seq.; N.Y. Lab. Law §§ 650 et seq., 12 N.Y.C.R.R. 142-1.1 et seq.; California Labor Code §§ 201-204, 212, 221 et seq., 226, 226.7, 400 et seq., 510 et seq., 512, 558, 1194, 2699 et seq., and 2802; Wage Orders of the Industrial Welfare Commission ("IWC") Wage Orders (8 Cal. Code Regs. § 11010 et seq.); California Bus. & Prof. Code § 17200 and Code of Civ. Proc. § 1021.5 and 1542; the California Private Attorney General Act; Florida Statute § 448.08, the Florida Minimum Wage law, Florida Constitution, Art. X, § 24; Georgia Code, § 34- 4-6 et seq.; New Mexico Stat. Ann., N.M.S.A. §§ 50-4-01 et seq. and N.M. Admin Code tit. 11, § 1.4.7(I) et seq.; North Carolina General Statute §§ 95-24; South Carolina Code, § 41-10-10 et seq.; Virginia Code Ann. §§ 40.1-28.8; Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 et seq. and Wage Payment and Collection Law, 43 P.S. § 260.1 et seq.; Alaska Wage and Hour Act, A.S. §§ 23.10.050 et seq.; Minimum Wage Act of the State of Arkansas, A.C.A. §§11- 4-201 et seq., Colorado Rev. Stat. §§8-6-101 et seq. and Colorado Wage Order No. 22, 7 C.C.R. 1103-1, C.C.H. 6-41, 801 et seq.; Connecticut Gen. Stat. §§ 31-58 et seq. and Connecticut Agency Regulation § 31-60-10(a); Delaware Wage Payment and Collection Act, 19 Del. C. § 1113 et seq.; District of Columbia Code §§ 32-1001 et seq.; Hawaii Rev. Stat. §§ 387 et seq.; Idaho Hours Worked Act, I.C.A. §§ 44-1201 et seq.; Illinois Minimum Wage Law, 820 I.L.C.S. 10511 et seq. and 56 Ill. Admin. Code § 210.100; Indiana Minimum Wage Law of 1965, Ind. Code §§22-2-2-1 et seq.; Iowa Wage Payment and Collection Act, I.C.A §§ 91A.1 et seq.; Kansas Stat. Ann. §§ 44- 1201 et seq.; Kentucky Rev. Stat. §§ 337 et seq. and 803 Ky. Admin. Regs. 1:005 et seq.; Maine Minimum Wages Laws, 26 M.R.S.A. §§ 661 et seq.; Michigan Minimum Wage Law of 1964, M.C.L. §§ 408.381 et seq.; Minnesota Stat. §§ 177.21 et seq.; Montana Wages and Wage Protection Laws, §§ 39-2-101, et seq. and 39-4-101 et seq., M.C.A. and Mont. Admin. R. 24.16. 1001 et seq.; Nebraska Rev. Stat, § 48-1228 et seq.; Nevada Rev. Stat. 608.005 et seq.; New Hampshire Minimum Wage Law, R.S.A. 279:1 et seq.; North Dakota Minimum Wages and Hours Laws, N.D.C.C. §§ 34-06-01 et seq. and Minimum Wage and Work Conditions Order, N.D. Admin. Code §§ 46-02-07 et seq.; Ohio Minimum Fair Wage Standards Act, R.C. §§ 4111.01 et seq.; 40 Okl. St. Ann §§ 165.1 et seq.; Oregon Rev. Stat. § 651.010 et seq. and Oregon Administrative Rules, O.A.S. 839-020-0030, 0080 et seq.; Puerto Rico Working Hours and Days Laws, 29 L.P.R.A. §§ 271 et seq.; Rhode Island Gen. Law §§ 28-12-1 et seq.; South Carolina Payment of Wages Act, S.C. Code, § 41-10-10 et seq.; South Dakota Labor and Employment Laws, S.D.C.L. 60-1-1 et seq.; Vermont Wages and Medium of Payment Laws, 21 V.S.A. §§ 341 et seq.; Washington Minimum Wage Act, R.C.W. 49.46.005 et seq. and Washington Minimum Wage Rules, WAC 296-126 et seq.; W. Va. Code § 25-5C-1 et seq.; Wisconsin Stat. §§ 103.01 et seq. and Wisconsin Hours of Work and Overtime Rules, Wis. Admin. Code, §§ 272.01 et seq. and 274.01 et seq.; and Wyoming Minimum Wages, W.S. 1977 §§ 27-4-201 et seq. and Collection of Unpaid Wages, §§ 27-4-501 et seq.

"Released Parties" means FC USA, Inc., formerly known as Liberty Travel, Inc. and all of its past, present, and future parents, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated and related entities (including, but not limited to, Flight Centre Ltd. and Flight Centre USA, Inc.), its and their past, present and future owners (including, but not limited to, Gilbert Haroche and Michelle Kassner), shareholders, insurers, reinsurers and assigns, and each of its and their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, as well as any benefits plans sponsored or administered by, and any other person or entity that could be jointly liable with, Liberty Travel, Inc.

By signing this Claim Form, I have fully, finally and forever released, relinquished and discharged each and all of the Released Parties from the Released Claims.

I further covenant and agree that I will not to accept, recover or receive any back pay, liquidated damages, other damages or any other form of relief based on any claims asserted or settled in this Litigation which may arise out of, or in connection with any other individual, class or any administrative remedies pursued by any person or federal, state or local governmental agency against any of the Released Persons. I also acknowledge and agree that I am enjoined from pursuing any Released Claims that I have, had, might have or might have had against any of the Released Persons based on any act or omission that occurred up to and including the date on which the Court enters its final approval order in the Litigation. I further represent and warrant that nothing that would otherwise be released herein has been actually or purportedly assigned, transferred, or hypothecated.

I agree to allow Gilardi & Co. LLC, including its employees, full and complete access to any and all confidential and personal information supplied on my Claim Form and Substitute W-9 Form. I understand that Gilardi & Co. LLC will check the accuracy of certain facts represented on my Claim Form with information provided by Defendants.

I understand that I must keep Gilardi & Co. LLC informed of my current address and of any change in my home address. If I do not do so, I understand that I may not receive any settlement payment that I might otherwise be entitled to receive.

## CONFIDENTIALITY

I acknowledge and agree that neither I nor anyone acting on my behalf has disclosed or will disclose the existence or any terms of the settlement of the Litigation or the negotiations leading up to that Settlement to any person or entity, including, but not limited to, any representative of the media, Internet web page, "blog," or "chat room," business entity, or association, except: (i) my spouse; (ii) my attorneys, accountants or financial advisors; or (iii) any court or government agency pursuant to an official request by such government agency, court order, or legally enforceable subpoena. By signing and returning this Claim Form, I agree that nothing in this Claim Form prohibits me from providing truthful disclosures to an appropriate government agency related to alleged violations of law. If I am contacted, served, or learn that I will be served with a subpoena to compel my testimony or the production of documents concerning this Claim Form or the facts, claims, and/or terms of settlement in this class and collective action against LIBERTY, I agree to immediately notify Daniella Bonanno at 69 Spring Street, Ramsey, NJ 07446, in writing within seven (7) calendar days. If I make a disclosure pursuant to sub-clauses (i) or (ii) above, I will inform such person or entity of this confidentiality provision, and his or her obligation to maintain the same level of confidentiality required by this confidentiality provision. Any breach of this confidentiality provision by such person or entity will be considered a breach by me. I may not use this Claim Form as evidence, except in a proceeding in which a breach of this Claim Form is alleged. I acknowledge that the Company would be irreparably injured by a violation by me.

Should this waiver and release be ruled unenforceable for any reason, I agree to execute a valid release of equal scope.

| | |
|---|---|
| _____ | _____ |
| Signature | Dated |
| | _____ |
| | Printed Name |

NOTICE: As detailed in Paragraph II to Claim Form above, if I sign this Claim Form I acknowledge and agree that neither me nor anyone acting on my behalf will make any disclosures concerning the existence or terms of this Claim Form or the facts, claims, and/or terms of settlement in this case, except as provided in this Claim Form.

**Substitute W-9 Form**
**Taxpayer Identification Number Certification**

Enter your Social Security Number: ___ ___ ___ — ___ ___ — ___ ___ ___ ___

Print name and address as shown on your income tax return:

First Name: _____ Last Name: _____

Address: _____

City: _____ State: _____ Zip: _____

Under penalties of perjury, I certify that:

1. The taxpayer identification number shown on this form is my correct taxpayer identification number, **and**

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3. I am a U.S. person (including a U.S. resident alien). Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

_____       _____

Signature of U.S. Person                                 Dated

<<FName>>  <<LName>>  <<Barcode>>  <<Claim7>>

<<FNAME>> <<LNAME>> ⟨⟨||||||||||||||||||⟩⟩

# CLAIM FORM FOR NAMED PLAINTIFFS 40 AND OVER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEANNA BREDBENNER, PAUL GILBERT, and BELINDA SERRANO, both individually and behalf of all other similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY TRAVEL, INC., <br> Defendant. | 09-cv-905 (WJM) (MF) |
| CAROL CONNELL, WILLIAM KRUMPHOLZ, CORRINE ORCHIN, NICOLE REID and LEIGH ANNE HUBBS, both individually and behalf of all other similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY TRAVEL, INC., FLIGHT CENTRE USA, INC., GILBERT HAROCHE, AND MICHELLE KASSNER <br> Defendants. | 09-cv-1248 (WJM) (MF) <br> 09-cv-4587 (WJM) (MF) |

## CLAIM, WAIVER, RELEASE, and CONFIDENTIALITY FORM

**INSTRUCTIONS:** 1) Verify Identifying Information, Sign the Claim, Waiver, Release, and Confidentiality Form below; 2) Sign the Substitute I.R.S. W-9 Form below; and 3.) Mail the Claim, Waiver, Release and Confidentiality Form and Substitute W-9 Form to the Claims Administrator, Gilardi & Co. LLC, at P.O. Box 8060 San Rafael CA 94912-8060, Telephone: 1-888-289-6132 no later than February 1, 2011.

**IMPORTANT:** If the Court approves the Settlement, and you return this Claim Form and Release as instructed, a check for your portion of the Settlement Fund, minus legally required taxes and withholdings, will be mailed to the address below after the Fairness Hearing. You must advise the Claims Administrator of your current address.

You will not receive any money in this settlement unless you return this Claims Form and Release as instructed.

The portion of the Settlement Fund you will receive will be affected by the Court's rulings regarding service payments and attorneys' fees and costs. Accordingly, your portion of the Settlement Fund cannot be precisely determined at this time. If the Court approves all aspects of the settlement, your portion of the Settlement Fund will be based on a formula that takes into account the number of hours you worked in a given week, your rate of pay, any overtime wages you received, the state in which you worked, the relevant statutes of limitation applicable to your claims, and the relative strengths of Liberty's defenses, from which pro-rated attorneys' fees and other costs and amounts will be deducted.

## I.    WAIVER AND RELEASE

1)    My signature below constitutes a full and complete release of FC USA, Inc., formerly known as Liberty Travel, Inc. ("LIBERTY") and its past, present, and future parents, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliates and related entities (including, but not limited to, Flight Centre Ltd. and Flight Centre USA, Inc.), its and their past, present and future owners (including, but not limited to, Gilbert Haroche and Michelle Kassner), shareholders, insurers, reinsurers and assigns, and each of its and their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, and any benefits plans sponsored or administered by LIBERTY, and any other persons or entities acting on their behalf (together with LIBERTY, the "Released Persons"), from any and all claims or liability of any kind, whether known or unknown, arising out of any event, act or omission through the date of the Court's Final Approval of the settlement of the above-captioned actions ("Litigation"), including, but not limited to, claims related

to any aspect of my employment with LIBERTY, claims for breach of contract, tort, negligent hiring, negligent retention, negligent supervision, negligent training, employment discrimination, retaliation, or harassment, claims under applicable state and federal wage and hour law, including but not limited to claims alleging that LIBERTY failed to pay me overtime and/or minimum wage under federal or state law, as well as any other statutory or common law claims, at law or in equity, recognized under any federal, state, or local law. I also release any claims, whether known or unknown, for unpaid back pay, sick pay, vacation pay, expenses, bonuses, commissions, attorneys' fees, or any other compensation against LIBERTY.

My signature below also constitutes a full and complete release of the Released Persons to make any payment to any person, attorney or law firm for attorneys' fees, expenses or costs incurred on my behalf and shall relieve all of the Released Persons from any and all wage-related claims, demands, rights, liabilities, expenses, and losses of any kind, that I and my heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, representatives, agents, successors-in-interest, and assigns have, had, might have or might have had against any of the Released Persons based on any act or omission that occurred at any time through and including the date of the Court's final approval of the settlement of the Litigation, in any way related to any of the facts or claims alleged in the Litigation or by reason of the negotiations leading to the settlement of the Litigation, even if presently unknown and/or unasserted. The matters released herein include any claims that could be brought by me alleging that LIBERTY retaliated against me for complaining about my wages or for asserting wage-related claims under any wage-and-hour laws or other laws, and any other claims of any kind related to LIBERTY's alleged failure to pay wages to me through and including the date of the Court's final approval of the settlement of the Litigation, including but not limited to:

The Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the Employee Retirement Income Security Act, 29 U.S.C. §§ 1101 et seq.; Maryland Code Ann. §§ 3-401 et seq., 3-501, et seq.; Massachusetts Gen. Laws c. 151 §§ 1A et seq. and 455 C.M.R. § 2.01 et seq.; New Jersey Stat. Ann. 34:11-56a et seq.; N.Y. Lab. Law §§ 650 et seq., 12 N.Y.C.R.R. 142-1.1 et seq.; California Labor Code §§ 201-204, 212, 221 et seq., 226, 226.7, 400 et seq., 510 et seq., 512, 558, 1194, 2699 et seq., and 2802; Wage Orders of the Industrial Welfare Commission ("IWC") Wage Orders (8 Cal. Code Regs. § 11010 et seq.); California Bus. & Prof. Code § 17200 and Code of Civ. Proc. § 1021.5 and 1542; the California Private Attorney General Act; Florida Statute § 448.08, the Florida Minimum Wage law, Florida Constitution, Art. X, § 24; Georgia Code, § 34-4-6 et seq.; New Mexico Stat. Ann., N.M.S.A. §§ 50-4-01 et seq. and N.M. Admin Code tit. 11, § 1.4.7(I) et seq.; North Carolina General Statute §§ 95-24; South Carolina Code, § 41-10-10 et seq.; Virginia Code Ann. §§ 40.1-28.8; Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 et seq. and Wage Payment and Collection Law, 43 P.S. § 260.1 et seq.; Alaska Wage and Hour Act, A.S. §§ 23.10.050 et seq.; Minimum Wage Act of the State of Arkansas, A.C.A. §§11-4-201 et seq., Colorado Rev. Stat. §§8-6-101 et seq. and Colorado Wage Order No. 22, 7 C.C.R. 1103-1, C.C.H. 6-41, 801 et seq.; Connecticut Gen. Stat. §§ 31-58 et seq. and Connecticut Agency Regulation § 31-60-10(a); Delaware Wage Payment and Collection Act, 19 Del. C. § 1113 et seq.; District of Columbia Code §§ 32-1001 et seq.; Hawaii Rev. Stat. §§ 387 et seq.; Idaho Hours Worked Act, I.C.A. §§ 44-1201 et seq.; Illinois Minimum Wage Law, 820 I.L.C.S. 10511 et seq. and 56 Ill. Admin. Code § 210.100; Indiana Minimum Wage Law of 1965, Ind. Code §§22-2-2-1 et seq.; Iowa Wage Payment and Collection Act, I.C.A §§ 91A.1 et seq.; Kansas Stat. Ann. §§ 44-1201 et seq.; Kentucky Rev. Stat. §§ 337 et seq. and 803 Ky. Admin. Regs. 1:005 et seq.; Maine Minimum Wages Laws, 26 M.R.S.A. §§ 661 et seq.; Michigan Minimum Wage Law of 1964, M.C.L. §§ 408.381 et seq.; Minnesota Stat. §§ 177.21 et seq.; Montana Wages and Wage Protection Laws, §§ 39-2-101, et seq. and 39-4-101 et seq., M.C.A. and Mont. Admin. R. 24.16. 1001 et seq.; Nebraska Rev. Stat, § 48-1228 et seq.; Nevada Rev. Stat. 608.005 et seq.; New Hampshire Minimum Wage Law, R.S.A. 279:1 et seq.; North Dakota Minimum Wages and Hours Laws, N.D.C.C. §§ 34-06-01 et seq. and Minimum Wage and Work Conditions Order, N.D. Admin. Code §§ 46-02-07 et seq.; Ohio Minimum Fair Wage Standards Act, R.C. §§ 4111.01 et seq.; 40 Okl. St. Ann §§ 165.1 et seq.; Oregon Rev. Stat. § 651.010 et seq. and Oregon Administrative Rules, O.A.S. 839-020-0030, 0080 et seq.; Puerto Rico Working Hours and Days Laws, 29 L.P.R.A. §§ 271 et seq.; Rhode Island Gen. Law §§ 28-12-1 et seq.; South Carolina Payment of Wages Act, S.C. Code, § 41-10-10 et seq.; South Dakota Labor and Employment Laws, S.D.C.L. 60-1-1 et seq.; Vermont Wages and Medium of Payment Laws, 21 V.S.A. §§ 341 et seq.; Washington Minimum Wage Act, R.C.W. 49.46.005 et seq. and Washington Minimum Wage Rules, WAC 296-126 et seq.; W. Va. Code § 25-5C-1 et seq.; Wisconsin Stat. §§ 103.01 et seq. and Wisconsin Hours of Work and Overtime Rules, Wis. Admin. Code, §§ 272.01 et seq. and 274.01 et seq.; and Wyoming Minimum Wages, W.S. 1977 §§ 27-4-201 et seq. and Collection of Unpaid Wages, §§ 27-4-501 et seq.

I further covenant and agree not to accept, recover or receive any back pay, liquidated damages, or other damages or any other form of relief based on any claims asserted or settled in this Litigation that arises from, or in connection with, any other individual, class, or any administrative remedies pursued by person or any federal, state or local governmental agency against any of the Released Persons.

2)   **WAIVER OF CALIFORNIA CIVIL CODE SECTION 1542:**

I acknowledge that I may have claims related to the released claims above that are presently unknown and that the release contained in this form is intended to and will fully, finally, and forever discharge even such claims, whether now asserted or unasserted, known or unknown, to the extent they fall within the description of claims being released above. I

understand and agree to waive the provisions of, and relinquish all rights and benefits afforded by, California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

I also waive any and all provisions, rights and benefits conferred by any law of the United States, or any state or territory of the United States, or principle of common law that is similar, comparable or equivalent to Section 1542 of the California Civil Code. If I may hereafter discover facts in addition to or different from those which I now know or believe to be true, I agree that I shall be deemed to have forever settled and released any and all claims as described in this section, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Upon my execution of this Claim Form, I shall be deemed to have given this release.

3)    OWBPA/ADEA WAIVER: I acknowledge that if I am age 40 or over at the time I sign this Claim Form, the following waiver applies to me:

By agreeing to this provision, I release and waive any right or claim against LIBERTY arising out of my employment with LIBERTY under the Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621 et seq. ("ADEA") (the "Waiver"). I understand and agree that:

    (a)  this Claim Form is written in a manner that I understand;

    (b)  I do not release or waive rights or claims that may arise after I sign this Claim Form;

    (c)  I waive rights and claims I may have had under the ADEA, but only in exchange for payments and/or benefits in addition to anything of value to which I am already entitled;

    (d)  I am represented by an attorney and have been advised to consult with an attorney before signing this Claim Form;

    (e)  I have 21 days (the "OFFER PERIOD") from receipt of this Claim Form to consider whether to sign it. If I sign before the end of the OFFER PERIOD, I acknowledge that my decision to do so was knowing, voluntary, and not induced by fraud, misrepresentation, or a threat to withdraw, alter, or provide different terms prior to the expiration of the OFFER PERIOD. I agree that any changes or revisions to this Claim Form, whether material or immaterial, do not restart the running of the OFFER PERIOD;

    (f)  I have seven (7) days after signing this Claim Form to revoke this Claim Form (the "REVOCATION PERIOD"). If I revoke, the Claim Form shall not be effective or enforceable, and I shall not be entitled to my portion of the monetary settlement of the Litigation. To be effective, the revocation must be in writing and received by the Claims Administrator, Gilardi & Co. LLC, at P.O. Box 8090 San Rafael CA 94912-8090, prior to expiration of the REVOCATION PERIOD; and

    (g)  this Waiver will not become effective or enforceable until the REVOCATION PERIOD has expired.

4)    Should the release described in Section I above be ruled unenforceable for any reason, I agree to execute a valid release of equal scope.

## II.    CONFIDENTIALITY

I acknowledge and agree that neither I nor anyone acting on my behalf has since July 9, 2010, disclosed or will disclose the existence or any terms of the settlement of the Litigation or the negotiations leading up to that Settlement to any person or entity, including, but not limited to, any representative of the media, Internet web page, "blog," or "chat room," business entity, or association, except: (i) my spouse; (ii) my attorneys, accountants or financial advisors; or (iii) any court or government agency pursuant to an official request by such government agency, court order, or legally enforceable subpoena. By signing and returning this Claim Form, I agree that nothing in this Claim Form prohibits me from providing truthful disclosures to an appropriate government agency related to alleged violations of law. If I am contacted, served, or learn that I will be served with a subpoena to compel my testimony or the production of documents concerning this Claim Form or the facts, claims, and/or terms of settlement in this class and collective action against LIBERTY, I agree to immediately notify Daniella Bonanno at 69 Spring Street, Ramsey, NJ 07446, in writing within seven (7) calendar days. If I make a disclosure pursuant to sub-clauses (i) or (ii) above,

I will inform such person or entity of this confidentiality provision, and his or her obligation to maintain the same level of confidentiality required by this confidentiality provision. Any breach of this confidentiality provision by such person or entity will be considered a breach by me. I may not use this Claim Form as evidence, except in a proceeding in which a breach of this Claim Form is alleged. I acknowledge that the Company would be irreparably injured by a violation by me. Any breach of this confidentiality provision will subject me to potential liability including, but not limited to, the liquidated damages set forth below.

(1)     **Liquidated Damages.**  Due to the difficulty ascertaining the full damages that would be caused thereby, I agree that in the event of any breach by me of this confidentiality provision I will immediately pay LIBERTY, through forfeit and return, if applicable, seventy-five percent (75%) of the combined amount of my Service Payment and any additional portion of the Settlement Fund I receive as a result of the Settlement of this Litigation.

(2)     **Injunctive Relief.**  I further agree that in the event of any such breach or threatened breach of this confidentiality provision, LIBERTY shall, in addition to any other remedies available to it, be entitled to: (i) a temporary restraining order and/or preliminary and/or permanent injunction, or other equivalent relief, restraining me from any actual or threatened breach.

This Claim, Waiver, Release, and Consent to Join Form was executed on:

_____   _____,  _____, in  _____,  _____
        Month                    Day              Year                              City                       State

_____
                                                    Signature

_____
                                              Printed Name

NOTICE: As detailed in Paragraph II to Claim Form above, if I sign this Claim Form I acknowledge and agree that neither me nor anyone acting on my behalf will make any disclosures concerning the existence or terms of this Claim Form or the facts, claims, and/or terms of settlement in this case, except as provided in this Claim Form.

---

**Substitute W-9 Form**
**Taxpayer Identification Number Certification**

Enter your Social Security Number: ___ ___ ___ — ___ ___ — ___ ___ ___ ___

Print name and address as shown on your income tax return:

First Name: _____   Last Name: _____

Address: _____

City: _____   State: _____   Zip: _____

Under penalties of perjury, I certify that:

1. The taxpayer identification number shown on this form is my correct taxpayer identification number, **and**

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3. I am a U.S. person (including a U.S. resident alien). Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

_____     _____
Signature of U.S. Person                                      Dated

<<FNAME>> <<LNAME>>

<<FNAME>> <<LNAME>>  ▯▯▯▯▯▯▯▯▯▯

# CLAIM FORM FOR NAMED PLAINTIFFS UNDER 40

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEANNA BREDBENNER, PAUL GILBERT, and BELINDA SERRANO, both individually and behalf of all other similarly situated persons, | 09-cv-905 (WJM) (MF) |
| Plaintiffs, | |
| v. | |
| LIBERTY TRAVEL, INC., | |
| Defendant. | |
| CAROL CONNELL, WILLIAM KRUMPHOLZ, CORRINE ORCHIN, NICOLE REID and LEIGH ANNE HUBBS, both individually and behalf of all other similarly situated persons, | 09-cv-1248 (WJM) (MF) |
| | 09-cv-4587 (WJM) (MF) |
| Plaintiffs, | |
| v. | |
| LIBERTY TRAVEL, INC., FLIGHT CENTRE USA, INC., GILBERT HAROCHE, AND MICHELLE KASSNER | |
| Defendants. | |

## CLAIM, WAIVER, RELEASE, and CONFIDENTIALITY FORM

**INSTRUCTIONS:** 1) Verify Identifying Information, Sign the Claim, Waiver, Release, and Confidentiality Form below 2) Sign the Substitute I.R.S. W-9 Form below and 3 ) Mail the Claim, Waiver, Release and Confidentiality Form and Substitute W-9 Form to the Claims Administrator, Gilardi & Co. LLC, at P.O. Box 8060 San Rafael CA 94912-8060, Telephone 1-888-289-6132 no later than February 1, 2011.

**IMPORTANT:** If the Court approves the Settlement, and you return this Claim Form and Release as instructed, a check for your portion of the Settlement Fund, minus legally required taxes and withholdings, will be mailed to the address below after the Fairness Hearing. You must advise the Claims Administrator of your current address.

**You will not receive any money in this settlement unless you return this Claims Form and Release as instructed.**

The portion of the Settlement Fund you will receive will be affected by the Court's rulings regarding service payments and attorneys' fees and costs. Accordingly, your portion of the Settlement Fund cannot be precisely determined at this time. If the Court approves all aspects of the settlement, your portion of the Settlement Fund will be based on a formula that takes into account the number of hours you worked in a given week, your rate of pay, any overtime wages you received, the state in which you worked, the relevant statutes of limitation applicable to your claims, and the relative strengths of Liberty's defenses, from which pro-rated attorneys' fees and other costs and amounts will be deducted.

## I.    WAIVER AND RELEASE

1)    My signature below constitutes a full and complete release of FC USA, Inc., formerly known as Liberty Travel, Inc. ("LIBERTY") and its past, present, and future parents, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliates and related entities (including, but not limited to, Flight Centre Ltd. and Flight Centre USA, Inc.), its and their past, present and future owners (including, but not limited to, Gilbert Haroche and Michelle Kassner), shareholders, insurers, reinsurers and assigns, and each of its and their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, and any benefits plans sponsored or administered by LIBERTY, and any other persons or entities acting on their behalf (together with LIBERTY, the "Released Persons"), from any and all claims or liability of any kind, whether known or unknown, arising out of any event, act or omission through the date of the Court's Final Approval of the settlement of the above-captioned actions ("Litigation"), including, but not limited to, claims related

to any aspect of my employment with LIBERTY, claims for breach of contract, tort, negligent hiring, negligent retention, negligent supervision, negligent training, employment discrimination, retaliation, or harassment, claims under applicable state and federal wage and hour law, including but not limited to claims alleging that LIBERTY failed to pay me overtime and/or minimum wage under federal or state law, as well as any other statutory or common law claims, at law or in equity, recognized under any federal, state, or local law. I also release any claims, whether known or unknown, for unpaid back pay, sick pay, vacation pay, expenses, bonuses, commissions, attorneys' fees, or any other compensation against LIBERTY.

My signature below also constitutes a full and complete release of the Released Persons to make any payment to any person, attorney or law firm for attorneys' fees, expenses or costs incurred on my behalf and shall relieve all of the Released Persons from any and all wage-related claims, demands, rights, liabilities, expenses, and losses of any kind, that I and my heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, representatives, agents, successors-in-interest, and assigns have, had, might have or might have had against any of the Released Persons based on any act or omission that occurred at any time through and including the date of the Court's final approval of the settlement of the Litigation, in any way related to any of the facts or claims alleged in the Litigation (as defined above) or by reason of the negotiations leading to the settlement of the Litigation, even if presently unknown and/or unasserted. The matters released herein include any claims that could be brought by me alleging that LIBERTY retaliated against me for complaining about my wages or for asserting wage-related claims under any wage-and-hour laws or other laws, and any other claims of any kind related to LIBERTY's alleged failure to pay wages to me through and including the date of the Court's final approval of the settlement of the Litigation, including but not limited to:

The Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the Employee Retirement Income Security Act, 29 U.S.C. §§ 1101 et seq.; Maryland Code Ann. §§ 3-401 et seq., 3-501, et seq.; Massachusetts Gen. Laws c. 151 §§ 1A et seq. and 455 C.M.R. §§ 2.01 et seq.; New Jersey Stat. Ann. 34:11-56a et seq.; N.Y. Lab. Law §§ 650 et seq., 12 N.Y.C.R.R. 142-1.1 et seq.; California Labor Code §§ 201-204, 212, 221 et seq., 226, 226.7, 400 et seq., 510 et seq., 512, 558, 1194, 2699 et seq., and 2802; Wage Orders of the Industrial Welfare Commission ("IWC") Wage Orders (8 Cal. Code Regs. § 11010 et seq.); California Bus. & Prof. Code § 17200 and Code of Civ. Proc. § 1021.5 and 1542; the California Private Attorney General Act; Florida Statute § 448.08, the Florida Minimum Wage law, Florida Constitution, Art. X, § 24; Georgia Code, § 34-4-6 et seq.; New Mexico Stat. Ann., N.M.S.A. §§ 50-4-01 et seq. and N.M. Admin Code tit. 11, § 1.4.7(I) et seq.; North Carolina General Statute §§ 95-24; South Carolina Code, § 41-10-10 et seq.; Virginia Code Ann. §§ 40.1-28.8; Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 et seq. and Wage Payment and Collection Law, 43 P.S. § 260.1 et seq.; Alaska Wage and Hour Act, A.S. §§ 23.10.050 et seq.; Minimum Wage Act of the State of Arkansas, A.C.A. §§11-4-201 et seq., Colorado Rev. Stat. §§8-6-101 et seq. and Colorado Wage Order No. 22, 7 C.C.R. 1103-1, C.C.H. 6-41, 801 et seq.; Connecticut Gen. Stat. §§ 31-58 et seq. and Connecticut Agency Regulation § 31-60-10(a); Delaware Wage Payment and Collection Act, 19 Del. C. § 1113 et seq.; District of Columbia Code §§ 32-1001 et seq.; Hawaii Rev. Stat. §§ 387 et seq.; Idaho Hours Worked Act, I.C.A. §§ 44-1201 et seq.; Illinois Minimum Wage Law, 820 I.L.C.S. 10511 et seq. and 56 Ill. Admin. Code § 210.100; Indiana Minimum Wage Law of 1965, Ind. Code §§22-2-2-1 et seq.; Iowa Wage Payment and Collection Act, I.C.A §§ 91A.1 et seq.; Kansas Stat. Ann. §§ 44-1201 et seq.; Kentucky Rev. Stat. §§ 337 et seq. and 803 Ky. Admin. Regs. 1:005 et seq.; Maine Minimum Wages Laws, 26 M.R.S.A. §§ 661 et seq.; Michigan Minimum Wage Law of 1964, M.C.L. §§ 408.381 et seq.; Minnesota Stat. §§ 177.21 et seq.; Montana Wages and Wage Protection Laws, §§ 39-2-101, et seq. and 39-4-101 et seq., M.C.A. and Mont. Admin. R. 24.16. 1001 et seq.; Nebraska Rev. Stat, § 48-1228 et seq.; Nevada Rev. Stat. 608.005 et seq.; New Hampshire Minimum Wage Law, R.S.A. 279:1 et seq.; North Dakota Minimum Wages and Hours Laws, N.D.C.C. §§ 34-06-01 et seq. and Minimum Wage and Work Conditions Order, N.D. Admin. Code §§ 46-02-07 et seq.; Ohio Minimum Fair Wage Standards Act, R.C. §§ 4111.01 et seq.; 40 Okl. St. Ann §§ 165.1 et seq.; Oregon Rev. Stat. § 651.010 et seq. and Oregon Administrative Rules, O.A.S. 839-020-0030, 0080 et seq.; Puerto Rico Working Hours and Days Laws, 29 L.P.R.A. §§ 271 et seq.; Rhode Island Gen. Law §§ 28-12-1 et seq.; South Carolina Payment of Wages Act, S.C. Code, § 41-10-10 et seq.; South Dakota Labor and Employment Laws, S.D.C.L. 60-1-1 et seq.; Vermont Wages and Medium of Payment Laws, 21 V.S.A. §§ 341 et seq.; Washington Minimum Wage Act, R.C.W. 49.46.005 et seq. and Washington Minimum Wage Rules, WAC 296-126 et seq.; W. Va. Code § 25-5C-1 et seq.; Wisconsin Stat. §§ 103.01 et seq. and Wisconsin Hours of Work and Overtime Rules, Wis. Admin. Code, §§ 272.01 et seq. and 274.01 et seq.; and Wyoming Minimum Wages, W.S. 1977 §§ 27-4-201 et seq. and Collection of Unpaid Wages, §§ 27-4-501 et seq.

I further covenant and agree not to accept, recover or receive any back pay, liquidated damages, or other damages or any other form of relief based on any claims asserted or settled in this Litigation that arises from, or in connection with, any other individual, class, or any administrative remedies pursued by person or any federal, state or local governmental agency against any of the Released Persons.

2) **WAIVER OF CALIFORNIA CIVIL CODE SECTION 1542:**

I acknowledge that I may have claims related to the released claims above that are presently unknown and that the release contained in this form is intended to and will fully, finally, and forever discharge even such claims, whether now asserted or unasserted, known or unknown, to the extent they fall within the description of claims being released above. I

understand and agree to waive the provisions of, and relinquish all rights and benefits afforded by, California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

I also waive any and all provisions, rights and benefits conferred by any law of the United States, or any state or territory of the United States, or principle of common law that is similar, comparable or equivalent to Section 1542 of the California Civil Code. If I may hereafter discover facts in addition to or different from those which I now know or believe to be true, I agree that I shall be deemed to have forever settled and released any and all claims as described in this section, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, that now exist or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Upon my execution of this Claim Form, I shall be deemed to have given this release.

3)     Should the release described in Section I above be ruled unenforceable for any reason, I agree to execute a valid release of equal scope.

## II.    CONFIDENTIALITY

I acknowledge and agree that neither I nor anyone acting on my behalf has since July 9, 2010, disclosed or will disclose the existence or any terms of the settlement of the Litigation or the negotiations leading up to that Settlement to any person or entity, including, but not limited to, any representative of the media, Internet web page, "blog," or "chat room," business entity, or association, except: (i) my spouse; (ii) my attorneys, accountants or financial advisors; or (iii) any court or government agency pursuant to an official request by such government agency, court order, or legally enforceable subpoena. By signing and returning this Claim Form, I agree that nothing in this Claim Form prohibits me from providing truthful disclosures to an appropriate government agency related to alleged violations of law. If I am contacted, served, or learn that I will be served with a subpoena to compel my testimony or the production of documents concerning this Claim Form or the facts, claims, and/or terms of settlement in this class and collective action against LIBERTY, I agree to immediately notify Daniella Bonanno at 69 Spring Street, Ramsey, NJ 07446, in writing within seven (7) calendar days. If I make a disclosure pursuant to sub-clauses (i) or (ii) above, I will inform such person or entity of this confidentiality provision, and his or her obligation to maintain the same level of confidentiality required by this confidentiality provision. Any breach of this confidentiality provision by such person or entity will be considered a breach by me. I may not use this Claim Form as evidence, except in a proceeding in which a breach of this Claim Form is alleged. I acknowledge that the Company would be irreparably injured by a violation by me. Any breach of this confidentiality provision will subject me to potential liability including, but not limited to, the liquidated damages set forth below.

(1)     Liquidated Damages. Due to the difficulty ascertaining the full damages that would be caused thereby, I agree that in the event of any breach by me of this confidentiality provision I will immediately pay LIBERTY, through forfeit and return, if applicable, seventy-five percent (75%) of the combined amount of my Service Payment and any additional portion of the Settlement Fund I receive as a result of the Settlement of this Litigation.

(2)     Injunctive Relief. I further agree that in the event of any such breach or threatened breach of this confidentiality provision, LIBERTY shall, in addition to any other remedies available to it, be entitled to: (i) a temporary restraining order and/or preliminary and/or permanent injunction, or other equivalent relief, restraining me from any actual or threatened breach.

This Claim, Waiver, Release, and Consent to Join Form was executed on:

_____   _____,   _____,   in   _____,   _____
            Month                      Day              Year                                   City                        State

_____
                    Signature

_____
                  Printed Name

NOTICE: As detailed in Paragraph II to Claim Form above, if I sign this Claim Form I acknowledge and agree that neither me nor anyone acting on my behalf will make any disclosures concerning the existence or terms of this Claim Form or the facts, claims, and/or terms of settlement in this case, except as provided in this Claim Form.

**Substitute W-9 Form**
**Taxpayer Identification Number Certification**

Enter your Social Security Number: ___ ___ ___ — ___ ___ — ___ ___ ___ ___

Print name and address as shown on your income tax return:

First Name: _____   Last Name: _____

Address: _____

City: _____   State: _____   Zip: _____

Under penalties of perjury, I certify that:

1. The taxpayer identification number shown on this form is my correct taxpayer identification number, **and**

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3. I am a U.S. person (including a U.S. resident alien). Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

_____         _____
Signature of U.S. Person                                                  Dated

<<FNAME>> <<LNAME>>